**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| SB IP HOLDINGS LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Case No. _____ |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| VIVINT SMART HOME, INC., | § | |
| | § | |
| *Defendant*. | § | |

---

**COMPLAINT FOR PATENT INFRINGEMENT**

---

Plaintiff SB IP Holdings LLC ("SBIP" or "Plaintiff") files this Complaint against Vivint Smart Home, Inc. ("Vivint" or "Defendant") and alleges as follows:

**<u>NATURE OF THE ACTION</u>**

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*.

**<u>THE PARTIES</u>**

2.     Plaintiff SB IP Holdings LLC, is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 1 Jenner #100 Irvine, CA 92618.

3.     Upon information and belief, Vivint Smart Home, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 4931 North 300 West, Provo, Utah 84604.

4.     SBIP, is a wholly owned subsidiary of SkyBell Technologies, Inc. ("SkyBell"), which is in the business of providing leading video doorbell and wireless security solutions. SBIP owns the right to assert and seek damages on a number of patents related to entryway management.

1

SBIP's patent portfolio is seminal intellectual property in the field of entryway management including inventions related to video doorbell technology. Some of the largest companies in the entryway management industry have taken licenses to SBIP's patent portfolio without litigation. SBIP's notable licensees include The Chamberlain Group, Inc., HeathCo, LLC, and Bot Home Automation, Inc.—makers of the "Ring" video doorbell. These companies licensed SBIP's portfolio without the need for wasteful litigation. These companies should be commended for appreciating the patent rights of others and licensing the SBIP patent portfolio in order to ensure a freedom to operate in the space. Thus, there is no doubt that SBIP's patent portfolio includes pioneering inventions related to the entryway management industry, which have been litigated in courts across the country.

5. SBIP's parent company, SkyBell, is an industry leader in video doorbell and home security solutions industry and was one of the first companies to offer the modern video doorbell in January 2014. Since that time, SkyBell has invested substantial money and time into developing world-class video doorbells and security technology. SkyBell is one of the leading business-to-business doorbell companies and is regularly sought after to provide highly integrated, customer solutions to industry partners. SkyBell's existing products are shown below and by filing this suit, SBIP seeks to protect the market share of SkyBell.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.      Vivint is subject to this Court's specific and general personal jurisdiction due to its substantial business in this forum. For example, upon information and belief, Vivint is subject to the specific personal jurisdiction of this Court because SBIP's claims for patent infringement arise from Vivint's acts of infringement in the State of Texas. These acts of infringement include selling infringing products in the State of Texas and placing infringing products into the stream of commerce through an established distribution channel with full awareness that substantial quantities of the products have been shipped into the State of Texas. Therefore, this Court has personal jurisdiction over Vivint under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE § 17.042.

9.      Venue is proper in this judicial district under 28 U.S.C. § 1400(b). Vivint offers products and services and conducts business in the Eastern District of Texas. *See Wireless Communications Mobile, LLC v. Vivint, Inc.*, No. 6:19-cv-00163-JCB-JDL (E.D. Tex.), Dkt. 16, ¶ 11 ("Vivint admits it offers products and services and conducts business in the United States, the State of Texas, and the Eastern District of Texas."). As depicted below, Vivint's website describes areas within this District as part of its "Service Area."



Fig. 1 (https://www.vivint.com/locations/texas/mckinney)

10.　　To conduct this business, Vivint employs a number of individuals within this District. For example, Vivint's website lists jobs available within this District.



Fig. 2 (https://vivint.wd5.myworkdayjobs.com/en-US/vivintjobs/job/Mckinney-TX/Smart-Home-Professional_R114103)

11.　　On information and belief, Vivint's "business specifically depend[s] on employees being physically present at places in the district, and it [is] undisputable that [Vivint] affirmatively acted to make permanent operations within [this] district to service its customers." *In re Cray Inc.*, 871 F.3d 1355, 1365–66 (Fed. Cir. 2017) (*citing In re Cordis Corp.*, 769 F.2d 733, 736 (Fed. Cir.

1985)). At least through these employees, Vivint "does its business in [this] district through a permanent and continuous presence." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985).

12.     In addition, Vivint has at least one regular and established place of business in this District at 1115 W Hickory St # 105, Denton, TX 76201 and has committed and continues to commit acts of infringement in this District. For example, Vivint's regular and established place of business in Denton in this District is a physical building, depicted below.



Fig. 3 (left: https://www.google.com/maps/place/Vivint+Smart+Home/@33.2146241,-97.1445185,15z/data=!4m5!3m4!1s0x0:0x7854e1644cda649a!8m2!3d33.2145185!4d-97.1445435) (right: https://www.google.com/maps/@33.2146241,-97.1445185,3a,75y,169.38h,90.66t/data=!3m6!1e1!3m4!1sfuWMuswDuW-nFeXRdslyhg!2e0!7i16384!8i8192)

5

13.     According to Denton County tax records for 2020, this building is 100% owned by Vivint. *See In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).



Fig. 4 (https://www.dentoncounty.gov/841/Search-Property-Tax-Records)

## PATENTS-IN-SUIT

14.     SBIP is the owner and the assignee of U.S. Patent No. 9,432,638 (the "`638 Patent"), entitled "Communication and Monitoring System." SBIP has ownership of all substantial rights in the `638 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the `638 Patent is attached as Exhibit A.

15.     The `638 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

16.     SBIP is the owner and the assignee of U.S. Patent No. 9,485,478 (the "`478 Patent"), entitled "Communication and Monitoring System." SBIP has ownership of all

substantial rights in the `478 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the `478 Patent is attached as Exhibit B.

17.     The `478 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

18.     SBIP is the owner and the assignee of U.S. Patent No. 9,516,284 (the "`284 Patent"), entitled "Communication and Monitoring System." SBIP has ownership of all substantial rights in the `284 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the `284 Patent is attached as Exhibit C.

19.     The `284 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

20.     SBIP is the owner and the assignee of U.S. Patent No. 9,635,323 (the "`323 Patent"), entitled "Communication and Monitoring System." SBIP has ownership of all substantial rights in the `323 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the `323 Patent is attached as Exhibit D.

21.     The `323 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

22.     SBIP is the owner and the assignee of U.S. Patent No. 9,648,290 (the "`290 Patent"), entitled "Communication and Monitoring System." SBIP has ownership of all substantial rights in the `290 Patent, including the right to exclude others and to enforce, sue and

recover damages for past and future infringement. A true and correct copy of the `290 Patent is attached as Exhibit E.

23.     The `290 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

24.     SBIP is the owner and the assignee of U.S. Patent No. 9,414,030 (the "`030 Patent"), entitled "Communication and Monitoring System." SBIP has ownership of all substantial rights in the `030 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the `030 Patent is attached as Exhibit F.

25.     The `030 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

26.     SBIP is the owner and the assignee of U.S. Patent No. 10,674,120 (the "`120 Patent"), entitled "Communication and Monitoring System." SBIP has ownership of all substantial rights in the `120 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the `120 Patent is attached as Exhibit G.

27.     The `120 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

28.     The `638, `478, `284, `323, `290, `030, and `120 Patents are collectively the "Patents-in-Suit."

## ACCUSED PRODUCTS

29.     Upon information and belief, Vivint makes, uses, offers to sell, sells, and/or imports products including video doorbells, video doorbell accessories such as control panels and

electronic locks, IP cameras, and video recording accessories for use with its video doorbells and IP cameras. Vivint's video doorbell and video doorbell accessories include its Doorbell Camera, Doorbell Camera Pro, Control Panel, Smart Locks, and all other similar products (the "Video Doorbell Products"). Vivint's IP camera products include its Ping Camera, Outdoor Camera Pro, and all other similar products (the "IP Camera Products"). Vivint's video recording products include its Smart Drive Playback DVR and all other similar products (the "Video Recording Products"). Vivint also provides Android and iOS apps for use with its Video Doorbell Products, IP Camera Products, and Video Recording Products ("User Applications"). Further, upon information and belief, Vivint operates user agents, proxy servers, registrar servers, redirect servers, session border controllers, gateways, and/or other servers or computers that support and interact with Vivint's Android and iOS apps, Video Doorbell Products, IP Camera Products, and Video Recording Products (the "Backend System"). Vivint's Video Doorbell Products, IP Camera Products, Video Recording Products, User Applications, and Backend System are collectively referred to as the "Accused Products" or "Accused System."

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,432,638

30.     The allegations set forth in the foregoing paragraphs are hereby realleged and incorporated herein by reference.

31.     In violation of 35 U.S.C. § 271(a), Vivint has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the `638 Patent by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claim 1 of the `638 Patent without the authority of SBIP.

32.     For example, upon information and belief, Vivint's Video Doorbell Products are able to detect the presence of a person at the entrance:




Fig. 5 (top: https://support.vivint.com/s/article/Doorbell-Camera-FrequentlyAskedQuestions)
(bottom: https://www.vivint.com/resources/article/how-do-doorbell-cameras-work)

33.     Upon information and belief, Vivint's Video Doorbell Products are able to transmit, to a computerized controller running a software application, video of the person at the entrance recorded using a camera located proximate the entrance.

> **How does the doorbell camera work?** —
>
> The Vivint Doorbell Camera Pro works using a wireless connection. It integrates a number of features to bring you a safer smarter doorstep, including:
>
> · Live and recorded video.
>
> · A microphone and speaker with two-way talk.
>
> · Smart visitor detection and notifications right to your phone.
>
> Click **here** for more on how a doorbell camera works.

Fig. 6 – (https://www.vivint.com/products/doorbell-camera/vrb20)

34.     Upon information and belief, Vivint's Accused System is able to provide, with the software application running at the computerized controller, a graphical user interface to a remote

peripheral device by which a user of the remote peripheral device, which comprises a cell phone, may view the video of the person at the entrance. *See, e.g.*, Figs. 5-6 above; *see also* Fig. 7 below.



Fig. 7 (https://www.vivint.com/products/doorbell-camera)

35.     Upon information and belief, Vivint's Video Doorbell Products have a wireless video camera, a microphone, a speaker, an RF receiver, an RF transmitter, a proximity sensor and

uses a keypad with one or more buttons that are able to determine that a person is present at the entrance and able to transmit digital streaming video.



Fig. 8 (left: https://fccid.io/2AAAS-CM04/User-Manual/User-Manual-4511700) (upper right: https://fccid.io/2AAAS-CM04/Internal-Photos/Internal-Photos-4511742 at p. 15 - showing WM-BAC-AT-39 as the transceiver) (lower right: https://fccid.io/2AAAS-CM04/Internal-Photos/Internal-Photos-4511742 at p. 11 - showing antenna for transmitting) (bottom: https://www.vivint.com/products/doorbell-camera)

36.     Upon information and belief, Vivint's Video Doorbell Products are able to send an alert to the cell phone that the person is present at the entrance after the keypad is pressed by the person at the entrance. *See, e.g.*, Fig. 1 above.

37.     Upon information and belief, Vivint's Video Doorbell Products are able to let someone speak with a person at the entrance through the graphical user interface on the cell phone after the keypad is pressed by the person at the entrance.



Fig. 9 (top: https://www.vivint.com/products/doorbell-camera) (bottom: https://www.vivint.com/resources/article/how-do-doorbell-cameras-work)

38.     Upon information and belief, Vivint's Video Doorbell Products are able to let someone listen to the person at the entrance via the cell phone through use of the graphical user interface after the keypad is pressed by the person at the entrance. *See, e.g.*, Fig. 9 above.

39.     In violation of 35 U.S.C. § 271(b), Vivint has induced its customers and continues to induce its customers to infringe, both literally and/or under the doctrine of equivalents, the `638 Patent by providing instructions via its website, or through other documents that induce its

customers to directly infringe the `638 Patent and by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claim 1 of the `638 Patent without the authority of SBIP. *See, e.g.*, https://www.vivint.com/products/doorbell-camera/vrb20;   https://fccid.io/2AAAS-CM04/User-Manual/User-Manual-4511700).

40.     Vivint has had knowledge of the `638 Patent since at least the filing date of this Complaint.

41.     Unless enjoined by this Court, Vivint will continue to infringe the `638 Patent.

42.     Because of Vivint's infringing activities, SBIP has suffered damages and will continue to suffer damages in the future.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,485,478

43.     The allegations set forth in the foregoing paragraphs are hereby realleged and incorporated herein by reference.

44.     In violation of 35 U.S.C. § 271(a), Vivint has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the `478 Patent by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claims 1 and 21 of the `478 Patent without the authority of SBIP.

45.     For example, upon information and belief, Vivint's Video Doorbell Products can detect the presence of a person at an entrance. *See, e.g.*, Fig. 5 above.

46.     Upon information and belief, Vivint's Video Doorbell Products can transmit, to a computerized controller running a software application, real-time streaming video of the person at the entrance recorded using a camera located proximate the entrance. *See, e.g.*, Fig. 6 above.

14

47.     Upon information and belief, Vivint's Video Doorbell Products can provide, with the software application running at the computerized controller, a graphical user interface to a remote peripheral device by which a user of the remote peripheral device, which comprises a cell phone that is configured to display the video transmitted wirelessly by the camera, may view the video of the person at the entrance. *See, e.g.*, Figs. 5-7 above.

48.     Upon information and belief, Vivint's Video Doorbell Products are wireless devices comprising a proximity sensor, a microphone, a speaker, a video camera, a keypad having one or more buttons, and a playing component that records audio and video communications from the person at the entrance. *See, e.g.*, Fig. 8 above.

49.     Upon information and belief, Vivint provides a software application running on at least one peripheral device that is associated with a user. *See, e.g.*, Fig. 7 above.

50.     Upon information and belief, Vivint's Video Doorbell Products can transmit, through the internet, real-time streaming digital video wirelessly. *See, e.g.*, Figs. 5-7 above.

51.     In violation of 35 U.S.C. § 271(b), Vivint has induced its customers and continues to induce its customers to infringe, both literally and/or under the doctrine of equivalents, the `478 Patent by providing instructions via its website, or through other documents that induce its customers to directly infringe the `478 Patent and by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claims 1 and 21 of the `478 Patent without the authority of SBIP. *See, e.g.*, https://www.vivint.com/products/doorbell-camera/vrb20; https://fccid.io/2AAAS-CM04/User-Manual/User-Manual-4511700).

52.     Vivint has had knowledge of the `478 Patent since at least the filing date of this Complaint.

53.     Unless enjoined by this Court, Vivint will continue to infringe the `478 Patent.

54.     Because of Vivint's infringing activities, SBIP has suffered damages and will continue to suffer damages in the future.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 9,516,284

55.     The allegations set forth in the foregoing paragraphs are hereby realleged and incorporated herein by reference.

56.     In violation of 35 U.S.C. § 271(a), Vivint has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the `284 Patent by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claim 13 of the `284 Patent without the authority of SBIP.

57.     For example, upon information and belief, Vivint's Video Doorbell Products can receive a person at an entrance. *See, e.g.*, Figs. 5-9 above.

58.     Upon information and belief, Vivint's Video Doorbell Products can transmit streaming video data wirelessly using an exterior device associated with a door comprising a camera, a microphone, a proximity sensor, and a keypad having one or more buttons, after one of the one or more buttons on the keypad is pressed at the entrance. *See, e.g.*, Figs. 5-9 above.

59.     Upon information and belief, Vivint's Video Doorbell Products have an electrical connection.



Fig. 10 (https://fccid.io/2AAAS-CM04/User-Manual/User-Manual-4511700)

60.     Upon information and belief, Vivint's Video Doorbell Products have a battery.



Fig. 11 (https://www.security.org/doorbell-camera/vivint/review/)

61.     Upon information and belief, Vivint's Video Doorbell Products can detect the presence of a person through the proximity detector and provide real-time streaming digital video and audio data from the exterior device to the peripheral device via the software application after the person is detected. *See, e.g.*, Figs. 5-8 above.

62.     Upon information and belief, Vivint's Video Doorbell Products can transmit an alert to the peripheral device after one or more buttons on the keypad of the exterior device are pressed which can be displayed on the software application running on a peripheral device that can be associated with a user. *See, e.g.*, Fig. 5 above.

63.     Upon information and belief, the peripheral device, which can be a cellphone, can receive and display the streaming video data and audio wirelessly using a software application. *See, e.g.*, Fig. 7 above.

64.     Upon information and belief, Vivint's Video Doorbell Products can let someone speak with a person at the entrance through the software application running on the peripheral device. *See, e.g.*, Fig. 9 above.

65.     Upon information and belief, Vivint's Video Doorbell Products can let someone listen to the person at the entrance via the cell phone through use of the graphical user interface after the keypad is pressed by the person at the entrance. *See, e.g.*, Fig. 9 above.

66.     In violation of 35 U.S.C. § 271(b), Vivint has induced its customers and continues to induce its customers to infringe, both literally and/or under the doctrine of equivalents, the `284 Patent by providing instructions via its website, or through other documents that induce its customers to directly infringe the `284 Patent and by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claim 13 of the `284 Patent without the authority of SBIP. *See, e.g.*,

https://www.vivint.com/products/doorbell-camera/vrb20;    https://fccid.io/2AAAS-CM04/User-Manual/User-Manual-4511700).

67.     Vivint has had knowledge of the `284 Patent since at least the filing date of this Complaint.

68.     Unless enjoined by this Court, Vivint will continue to infringe the `284 Patent.

69.     Because of Vivint's infringing activities, SBIP has suffered damages and will continue to suffer damages in the future.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 9,635,323

70.     SBIP alleges and hereby incorporates by reference every allegation made in the foregoing paragraphs of this Complaint as if each were separately set forth herein.

71.     In violation of 35 U.S.C. § 271, Vivint has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the `323 Patent by making, using, offering for sale, selling, and/or importing the Accused Products in the United States, including within this District, that infringe at least claim 1 of the `323 Patent without the authority of SBIP.

72.     Each Video Doorbell Product is an exterior device associated with the entrance comprising a camera, a microphone, a speaker, a transceiver, a proximity detector, and a keypad having one or more buttons. *See, e.g.*, Figs. 5 and 8 above.

73.     Each Video Doorbell Product is operable to wirelessly transmit streaming video data. *See, e.g.*, Figs. 6-7 above.

74.     Each Video Doorbell Product works with a software application operable to run on at least one peripheral device, wherein each of the at least one peripheral device is associated with

a respective user, wherein user access is administered on the software application. *See, e.g.*, Fig. 7 above.

75.     The Accused System uses a redundant system for a hierarchy of storage where the streaming video data is maintained, wherein the exterior device is operable to connect to an existing electrical connection of a doorbell. *See* Fig. 11 above and 12 below.





Fig. 12 (https://www.vivint.com/products/doorbell-camera; https://www.vivint.com/products/video-recording/vrb20)

76.     Each Video Doorbell Product works with at least one peripheral device comprising a cellular phone operable to run the software application which is configured to (i) display the streaming video data transmitted wirelessly by the exterior device, (ii) receive audio data from the entrance transmitted wirelessly from the exterior device, (iii) receive and display a message to a

user based on an event at the entrance, (iv) receive audio from the user of the software application, and (v) display a notification when the proximity detector detects the presence of a person at the entrance. *See* Figs. 5-9 above.

77.    Accordingly, Vivint has and continues to directly infringe the `323 Patent, both literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing into the United States the Accused Products without the authority of SBIP.

78.    In violation of 35 U.S.C. § 271(b), Vivint has induced its customers and continues to induce its customers to infringe, both literally and/or under the doctrine of equivalents, the `323 Patent by providing instructions via its website, or through other documents that induce its customers to directly infringe the `323 Patent and by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claim 1 of the `323 Patent without the authority of SBIP. *See, e.g.*, https://www.vivint.com/products/doorbell-camera/vrb20; https://fccid.io/2AAAS-CM04/User-Manual/User-Manual-4511700).

79.    Vivint has been on notice of the `323 Patent since at least filing of this Complaint.

80.    Unless enjoined by this Court, Vivint will continue to infringe the `323 Patent.

81.    Because of Vivint's infringing activities, SBIP has suffered damages and will continue to suffer damages in the future.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO. 9,648,290

82.    SBIP alleges and hereby incorporates by reference every allegation made in the foregoing paragraphs of this Complaint as if each were separately set forth herein.

83.     In violation of 35 U.S.C. § 271, Vivint has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the `290 Patent by making, using, offering for sale, selling, and/or importing the Accused Products in the United States, including within this District, that infringe at least claim 1 of the `290 Patent without the authority of SBIP.

84.     Vivint provides Android and iOS apps for use with the Video Doorbell Products that are configured to display digital video of the person located proximate the entrance, wherein the digital video is transmitted wirelessly by an exterior device comprising a keypad, a microphone, a speaker, a proximity sensor and a battery, the exterior device located proximate the entrance. *See* Figs. 5-9 above.

85.     Vivint's Android and iOS apps can receive the digital video and audio wirelessly on the remote peripheral device from the exterior device after one or more buttons of the keypad is activated or detection by the proximity sensor occurs. *See, e.g.*, Fig. 7 above.

86.     Vivint's Android and iOS apps provide a graphical user interface on the remote peripheral device by which a user of the remote peripheral device can view the digital video and audio in real time from the exterior device and receive a message after the keypad is pressed. *See, e.g.*, Figs. 5, 7.

87.     The Video Doorbell Products and Vivint's Android and iOS apps provide live streaming video on the graphical user interface when an event occurs that is separate and apart from either pressing of the one or more buttons of the keypad or detection by the proximity sensor of the person at the entrance. *See, e.g.*, Figs. 5, 7.

88.    The Video Doorbell Products and Vivint's Android and iOS apps can provide an image associated with entrance on the graphical user interface. *See, e.g.*, Figs. 7 above; *see also* Fig. 13 below.



Fig. 13 (Vivint App Screenshot, Activity Page)

89.    The Video Doorbell Products and Vivint's Android and iOS apps can provide recorded video associated with the entrance on the graphical user interface and playing recorded video on the graphical user interface. *See, e.g.*, Figs. 7 and 13.

90.    The Video Doorbell Products and Vivint's Android and iOS apps can work with a defined hierarchy of storage on a remote computer for storing recorded digital video and audio. *See, e.g.*, Fig. 12 above.

91.    The Accused System can store recorded digital and audio from the exterior device pursuant to the defined hierarchy of storage. *See, e.g.*, Fig. 12 above.

92.     Vivint's Android and iOS apps can display a time, date or any combination thereof associated with a visitor history associated with the exterior device. *See, e.g.*, Fig. 13 above; *see also* Fig. 14 below.



Fig. 14 (Vivint App Screenshot, Activity→Filters)

93.     The Accused System can store video and audio data based upon a timestamp in a database. *See, e.g.*, Figs. 13-14.

94.     The Accused System uses a redundant system of computers for execution of the database. *See, e.g.*, Fig. 12 above.

95.     Accordingly, Vivint has and continues to directly infringe the `290 Patent, both literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing into the United States the Accused Products without the authority of SBIP.

96.     In violation of 35 U.S.C. § 271(b), Vivint has induced its customers and continues to induce its customers to infringe, both literally and/or under the doctrine of equivalents, the `290 Patent by providing instructions via its website, or through other documents that induce its customers to directly infringe the `290 Patent and by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claim 1 of the `290 Patent without the authority of SBIP. *See, e.g.*, https://www.vivint.com/products/doorbell-camera/vrb20;   https://fccid.io/2AAAS-CM04/User-Manual/User-Manual-4511700).

97.     Vivint has been on notice of the `290 Patent since at least filing of this Complaint.

98.     Unless enjoined by this Court, Vivint will continue to infringe the `290 Patent.

99.     Because of Vivint's infringing activities, SBIP has suffered damages and will continue to suffer damages in the future.

## COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 9,414,030

100.     The allegations set forth in the foregoing paragraphs are hereby realleged and incorporated herein by reference.

101.     In violation of 35 U.S.C. § 271(a), Vivint has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the `030 Patent by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claims 6 and 13 of the `030 Patent without the authority of SBIP.

102.     For example, upon information and belief, Vivint's Accused System is comprised of a detecting and viewing system associated with a door. *See, e.g.*, Figs. 5-9 above.

103.    Upon information and belief, Vivint's Video Doorbell Products have a wireless video camera, a microphone, a speaker, an RF receiver, an RF transmitter, a proximity sensor and uses a keypad with one or more buttons that are able to determine that a person is present at the interest and able to transmit digital streaming video. *See, e.g.*, Figs. 5 and 8 above.

104.    Upon information and belief, Vivint provides a software application running on at least one peripheral device that is associated with a user. *See, e.g.*, Fig. 7 above.

105.    Upon information and belief, Vivint's Accused System utilizes a computer configured for wireless communication with the exterior device to receive digital video data, wherein the computer is configured for communication with at least one peripheral device to transmit the digital video data to at least one peripheral device. This computer could include any number of the following non-limiting examples: the Vivint Control Panel, a router, a hub, a server, a database, or other network components. Upon information and belief, discovery will show that the Vivint's Accused System provides such a computer. *See, e.g.*, Fig. 6 above; *see also* Fig. 15 below.



Fig. 15 (https://www.vivint.com/products/smart-control/vrb20)

26

106.    Upon information and belief, Vivint's Accused System includes a software application running on a cellular phone which is configured to display video transmitted wirelessly by the exterior device, receive audio data from the person transmitted wirelessly from the exterior device, receive and display an alert to the user, the alert configured to be transmitted wirelessly from the exterior device after pressing one of the one or more buttons. *See, e.g.*, Figs. 5 and 8 above.

107.    Upon information and belief, the peripheral device allows the user to speak with the person at the door using the software application running on the cellular phone. *See, e.g.*, Fig. 9 above.

108.    Upon information and belief, Vivint's Accused System includes an electronic lock that is associated with the door and configured to be opened after receiving instructions from the software application running on at least one peripheral device.



Fig. 16 (https://www.vivint.com/products/smart-locks/vrb20)

109.    In violation of 35 U.S.C. § 271(b), Vivint has induced its customers and continues to induce its customers to infringe, both literally and/or under the doctrine of equivalents, the `030 Patent by providing instructions via its website, or through other documents that induce its customers to directly infringe the `030 Patent and by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe

at least claims 6 and 13 of the `030 Patent without the authority of SBIP. *See, e.g.*, https://www.vivint.com/products/doorbell-camera/vrb20; https://fccid.io/2AAAS-CM04/User-Manual/User-Manual-4511700).

110.    Vivint has been on notice of the `030 Patent since at least filing of this Complaint.

111.    Unless enjoined by this Court, Vivint will continue to infringe the `030 Patent.

112.    Because of Vivint's infringing activities, SBIP has suffered damages and will continue to suffer damages in the future.

## COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 10,674,120

113.    The allegations set forth in the foregoing paragraphs are hereby realleged and incorporated herein by reference.

114.    In violation of 35 U.S.C. § 271(a), Vivint has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the `120 Patent by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claim 16 of the `120 Patent without the authority of SBIP.

115.   For example, upon information and belief, Vivint's IP Camera Products have a camera, motion sensor, antenna, and outer housing.



Fig. 17 (https://www.vivint.com/products/ping/vrb20)

116.   Upon information and belief, Vivint's IP Camera Products wirelessly transmit encrypted streaming video upon detection of a person by the motion sensor.



Fig. 18 (top: https://www.vivint.com/products/ping/vrb20) (bottom: https://howtl.com/can-vivint-cameras-be-hacked/)

117.    Upon information and belief Vivint's Android and iOS apps can display the streaming video while displaying an icon.



Fig. 18 (https://www.vivint.com/products/ping/vrb20)

118.    Upon information and belief, Vivint's Android and iOS apps can display recorded video.



Fig. 19 (Vivint App Screenshot, Cameras→Indoor Cameras→Events)

119.    Upon information and belief, Vivint's Android and iOS apps can be used to modify control parameters associated with Vivint's IP Camera Products.



Fig. 20 (Vivint App Screenshot, Cameras→Settings→Indoor Camera)

120.    Upon information and belief, at least Vivint's Smart Drive includes a database for storing video captured by the IP Camera Products.



Fig. 21 (https://www.vivint.com/products/video-recording/vrb20)

121.     In violation of 35 U.S.C. § 271(b), Vivint has induced its customers and continues to induce its customers to infringe, both literally and/or under the doctrine of equivalents, the `120 Patent by providing instructions via its website, or through other documents that induce its customers to directly infringe the `120 Patent and by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claim 16 of the `120 Patent without the authority of SBIP. *See, e.g.*, https://www.vivint.com/products/ping/vrb20; https://fccid.io/2AAAS-CM01/User-Manual/2AAAS-CM01-User-Manual-2925229).

122.     Vivint has had knowledge of the `120 Patent since at least the filing date of this Complaint.

123.     Unless enjoined by this Court, Vivint will continue to infringe the `120 Patent.

124.     Because of Vivint's infringing activities, SBIP has suffered damages and will continue to suffer damages in the future.

## JURY DEMAND

125.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, SBIP demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

126.     WHEREFORE, SBIP respectfully requests that this Court enter judgment for SBIP and against Vivint as follows:

A.     An adjudication that Vivint has infringed each of the Patents-in-Suit.

B.     An award of damages to be paid by Vivint adequate to compensate SBIP for Vivint's past infringement of the Patents-in-Suit and any continuing or future infringement

through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.      A permanent injunction enjoining Vivint and its officers, agents, servants, employees, users, attorneys, and all those persons in active concert or participation with Vivint from the acts described in this Complaint;

D.      An order requiring Vivint to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

E.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of SBIP's reasonable attorneys' fees;

F.      An award to SBIP of such further relief at law or in equity as the Court deems just and proper.

Dated: November 17, 2020

Respectfully submitted,

/s/ *Gary R. Sorden*

Gary R. Sorden
Texas Bar No. 24066124
gsorden@coleschotz.com
Aaron Davidson
Texas Bar No. 24007080
adavidson@coleschotz.com
Niky R. Bagley
Texas Bar No. 24078287
nbagley@coleschotz.com
Timothy J.H. Craddock
Texas Bar No. 24082868
tcraddock@coleschotz.com
Brian L. King
Texas Bar No. 24055776
bking@coleschotz.com
James R. Perkins
Texas Bar No. 24074881
jperkins@coleschotz.com

COLE SCHOTZ, P.C.
901 Main Street, Suite 4120
Dallas, Texas 75202
Tel: (469) 557-9390
Fax: (469) 533-1587

**ATTORNEYS FOR PLAINTIFF
SB IP HOLDINGS LLC**