# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SB IP HOLDINGS, LLC | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-886 |
| | § | Judge Mazzant |
| VIVINT SMART HOME, INC. | § | |
| | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Request for the Court to take Judicial Notice of Certain Documents (Dkt. #23). Having considered the Motion and the pleadings, the Court finds the Motion should be **GRANTED.**

## BACKGROUND

On November 17, 2020, Plaintiff SB IP Holdings, LLC ("SB") sued Defendant Vivint Smart Home, Inc. ("Vivint") (Dkt. #1). On March 23, 2021, Vivint moved for the Court to take judicial notice of U.S. Patent Nos. 9,432,638; 9,485,478; 9,516,284; 9,635,323; 9,648,290; 9,414,030; and 10,674,120 ("the Asserted Patents"); the entire patent prosecution history of U.S. Application No. 14/338,525; and U.S. Patent No. 8,154,581 (Dkt. #23). On April 6, 2021, SB IP responded (Dkt. #27). On April 13, 2021, Vivint replied (Dkt. #28). On April 20, 2021, SB IP filed its Sur-Reply (Dkt. #29).

## LEGAL STANDARD

Judicial notice is proper under Rule 201 of facts and documents which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). Frequently, courts "consider the asserted patent and relevant prosecution history as matters of public record appropriate for judicial notice." *Integrated Tech. Sys., Inc. v. First*

*Internet Bank of Indiana*, 2:16-cv-417-JRG-RSP, 2017 WL 631195 at *2 (E.D. Tex. Jan. 30, 2017), report and recommendation adopted, No. 2:16-cv-417-JRG-RSP, 2017 WL 617673 (E.D. Tex. Feb. 15, 2017), aff'd, 712 F. App'x 1007 (Fed. Cir. 2018); *see Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1344 (Fed. Cir. 2016) (discussing patent specification for a 12(b)(6) motion); *Mark I Marketing Corp. v. R.R. Donnelley & Sons Co.*, 66 F.3d 285, 292 (Fed. Cir. 1995) ("[T]he prosecution history of the '241 patent is a matter of public record."). Judicial notice is discretionary unless it is requested by a party and the Court is supplied with the necessary information. FED. R. EVID. 201(c)-(d).

## ANALYSIS

Vivint asks the Court to take judicial notice of the Asserted Patents, the entire patent prosecution history of U.S. Application No. 14/338,525, and U.S. Patent No. 8,154,581.

Courts routinely take judicial notice of patents, prosecution history, and patent applications. *See Integrated Tech.*, 2017 WL 631195 at *2; *Bascom. v. AT&T*, 827 F.3d at 1344 (discussing the specification of the asserted patent); *Mark I Marketing Corp.*, 66 F.3d at 292 ("[T]he prosecution history of the '241 patent is a matter of public record."); *United States ex rel. Dingle*, 270 F. Supp. 2d 968, 970 (W.D. Mich. 2003) ("Public records . . . are generally considered not to be subject to reasonable dispute.").

SB IP's opposition is misplaced. It does not identify any aspect of the patents, prosecution history, or patent application as inaccurate or false. Instead, SB IP argues how to interpret the public records. But judicial notice only concerns whether information "can be accurately and readily determined" and "whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). SB IP does not allege the information is inaccurate, like a falsified document. And while SB IP alleges that the prosecution history is not "readily available," courts regularly find the

USPTO's public database to be appropriate for judicial notice. *See Kaleasy Tech LLC v. Slack Techs., Inc.*, CV 19-2167-CFC-SRF, 2020 WL 4260605, at *1 n.2 (D. Del. July 23, 2020) ("The court may properly take notice of the Application Data and Transaction History for the '479 patent, which are publicly available on the [USPTO's Patent PAIR] database."); *TransCardiac Therapeutics, Inc. v. Yoganathan*, 15 F. Supp. 3d 1364, 1373 (N.D. Ga. 2014) (taking judicial notice of patent applications from the USPTO's Public PAIR website).

SB IP's arguments would be better suited in response to Vivint's 12(b)(6) motion, rather than in response to Vivint's request for judicial notice of public records. The Court takes judicial notice of the Asserted Patents, the entire patent prosecution history of U.S. Application No. 14/338,525, and U.S. Patent No. 8,154,581, all of which are accessible on the USPTO's Patent PAIR database.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Request for the Court to take Judicial Notice of Certain Documents (Dkt. #23) is hereby **GRANTED**.

It is hereby **ORDERED** that the Court takes judicial notice of U.S. Patent Nos. 9,432,638; 9,485,478; 9,516,284; 9,635,323; 9,648,290; 9,414,030; and 10,674,120; the entire patent prosecution history of U.S. Application No. 14/338,525; and U.S. Patent No. 8,154,581.

**SIGNED this 30th day of April, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE