# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| SP IP HOLDINGS, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>VIVINT SMART HOME, INC., and VIVINT INC.,<br><br>*Defendant and Counterclaim plaintiffs,*<br><br>vs.<br><br>SKYBELL TECHNOLOGIES, INC and SB IP HOLDINGS, LLC<br><br>*Counterclaim defendants.* | Case No. 4:20-cv-00886-ALM<br><br>**JURY TRIAL DEMANDED** |

## SB IP HOLDINGS LLC'S ANSWER TO
## VIVINT SMART HOME, INC.'S COUNTERCLAIMS

Plaintiff SB IP Holdings LLC ("SBIP") and SkyBell Technologies Inc.'s ("SkyBell") answers the counterclaims of Counterclaim Defendant's Vivint SH ("Vivint SH") and Vivint Smart Home, Inc. ("Vivint") set forth in Defendant's Answer and Counterclaims (Dkt. 34):

1.  SBIP and SkyBell admit the allegation in Paragraph 1 to the extent the counterclaim arises out of the laws of the United States.

2.  SBIP and SkyBell admit the allegation in Paragraph 2 to the extent the counterclaim arises out of the laws of the United States.

3.  Paragraph 3 does not require a response and to the extent it does, it is denied.

4.  SkyBell denies the allegation in Paragraph 3.

## PARTIES

5. SBIP admits that is a wholly owned subsidiary of Skybell.

6. SBIP admits that Skybell is a Nevada company with its principal place of business at 1 Jenner #100, Irvine, CA 92618.

7. SBIP and SkyBell lack a sufficient basis to form a belief as to the allegations of this paragraph and therefore it is denied.

## JURISDICTION AND VENUE

8. SBIP and SkyBell admit patent infringement is a federal question.

9. SBIP has brought suit against Vivint in this District. SkyBell denies the allegations in Paragraph 9 to the extent it relates to venue.

10. SBIP and SkyBell deny the allegation in Paragraph 10.

## BACKGROUND

11. SBIP and SkyBell lack a sufficient basis to form a belief as to the allegations of this paragraph and therefore it is denied.

12. SBIP and SkyBell lack a sufficient basis to form a belief as to the allegations of this paragraph and therefore it is denied.

13. SBIP and SkyBell lack a sufficient basis to form a belief as to the allegations of this paragraph and therefore it is denied.

14. SBIP and SkyBell lack a sufficient basis to form a belief as to the allegations of this paragraph and therefore it is denied.

15. SBIP and SkyBell lack a sufficient basis to form a belief as to the allegations of this paragraph and therefore it is denied.

16. SBIP and SkyBell lack a sufficient basis to form a belief as to the allegations of this paragraph and therefore it is denied.

## VIVINT ASSERTED PATENTS

17. SBIP and SkyBell admit 35 U.S.C. § 282 provides for a presumption of validity but denies the remainder of the allegations in Paragraph 17.

18. SBIP and SkyBell do not have sufficient information to response to Paragraph 18 and therefore deny the same.

19. SkyBell admits it sells video doorbell products SBIP denies the allegation in Paragraph 19.

20. SkyBell admits its products use a smartphone application. SBIP denies the allegation in Paragraph 20.

21. SkyBell and SBIP deny the allegation in Paragraph 21. Vivint lacks any bases in violation of Rule 11 to show the Vivint Patents are infringement by SkyBell.

22. SkyBell and SBIP deny the allegation in Paragraph 22.

23. SkyBell and SBIP deny allegation in Paragraph 23. Vivint has no facts that would support this allegation and thus does not have a Rule 11 basis for this paragraph.

24. SBIP and SkyBell deny the allegation in Paragraph 24. SBIP and SkyBell do admit this case is exceptional in that Vivint failed to conduct a reasonable Rule 11 investigation into venue, infringement, validity and the alleged willful infringement. SBIP and SkyBell will seek its attorney fees if Vivint continues to maintain these infringement counterclaims as it knows it has no venue basis for either SBIP or SkyBell let alone any plausible infringement theory, invalidity of the Vivint Patents, etc.

25. SBIP and SkyBell deny the allegation in Paragraph 25. Vivint has plead no facts which would constitute it appropriately marked its products.

### THE SKYBELL PATENTS' FLAWED PRIORITY

26. SBIP and SkyBell admit that the asserted patents claim priority to the earliest non-provisional. SBIP and SkyBell deny any other allegation in Paragraph 26.

27. SBIP and SkyBell admit that the asserted patents claim priority to the earliest non-provisional. SBIP and SkyBell deny any other allegation in Paragraph 27.

28. SBIP and SkyBell admit the Notice was sent on August 4, 2021, the remaining allegations of paragraph 28 are denied.

29. SBIP and SkyBell deny the allegation in Paragraph 29.

30. SBIP and SkyBell deny the allegation in Paragraph 30.

31. SBIP and SkyBell admit that the patent application did not file a response by October 6, 2014. SBIP and SkyBell deny the remaining allegations in Paragraph 31.

32. SBIP and SkyBell admit the patent application fee was not paid in respect to the '525 application.

33. SBIP and SkyBell denies the allegation in Paragraph 33.

34. SBIP and SkyBell denies the allegation in Paragraph 34.

35. SBIP and SkyBell denies the allegation in Paragraph 35.

36. SBIP and SkyBell denies the allegation in Paragraph 36.

37. SBIP and SkyBell denies the allegation in Paragraph 37.

38. SBIP and SkyBell can neither admit nor deny the allegation in Paragraph 38 as "were filed after" has no contextual meaning and therefore SBIP and SkyBell denies the allegations in Paragraph 38.

39. SBIP and SkyBell deny the priority date of any asserted patents is March 26, 2015 and therefor denies the allegation in Paragraph 39.

40. SBIP and SkyBell admit that the specifications of the asserted patents are similar to the '581 specification. SBIP and SkyBell deny the other allegations in Paragraph 40.

41. SBIP and SkyBell deny the allegations in Paragraph 41.

42. SBIP and SkyBell denies the allegation in Paragraph 42.

## FIRST COUNTERCLAIM: INFRINGEMENT OF THE '343 PATENT

43. SBIP and SkyBell do not need to respond to Paragraph 43, but to the extent a response is required, it is denied.

44. SBIP and SkyBell deny the allegation in Paragraph 44.

45. SBIP and SkyBell deny the allegation in Paragraph 45.

46. SBIP and SkyBell deny the allegation in Paragraph 46.

47. SBIP and SkyBell deny the allegation in Paragraph 47.

48. SBIP and SkyBell deny the allegation in Paragraph 48.

49. SBIP and SkyBell deny the allegation in Paragraph 49.

## SECOND COUNTERCLAIM: INFRINGEMENT OF THE '739 PATENT

50. SBIP and SkyBell do not need to respond to Paragraph 50, but to the extent a response is required, it is denied.

51. SBIP and SkyBell deny the allegation in Paragraph 51.

52. SBIP and SkyBell deny the allegation in Paragraph 52.

53. SBIP and SkyBell deny the allegation in Paragraph 53.

54. SBIP and SkyBell deny the allegation in Paragraph 54.

55. SBIP and SkyBell deny the allegation in Paragraph 55.

### THIRD COUNTERCLAIM: DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE '478 PATENT

56. SBIP and SkyBell do not need to respond to Paragraph 56, but to the extent a response is required, it is denied.

57. SBIP admits the allegation in Paragraph 57.

58. SBIP admits the allegation in Paragraph 58.

59. SBIP denies the allegation in Paragraph 59.

60. SBIP denies the allegation in Paragraph 60.

61. SBIP denies allegation in Paragraph 61.

62. SBIP denies the allegation in Paragraph 62.

### FOURTH COUNTERCLAIM: DECLARATORY JUDGEMENT OF INVALIDITY OF THE '478 PATENT

63. SBIP and SkyBell do not need to respond to Paragraph 63, but to the extent a response is required, it is denied.

64. SBIP and SkyBell denies the allegation in Paragraph 64.

65. SBIP and SkyBell denies the allegation in Paragraph 65.

66. SBIP and SkyBell denies the allegation in Paragraph 66.

### FIFTH COUNTERCLAIM: DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE '638 PATENT

67. SBIP and SkyBell do not need to respond to Paragraph 67, but to the extent a response is required, it is denied.

68. SBIP admits the allegation in Paragraph 68.

69. SBIP admits the allegation in Paragraph 69.

70. SBIP denies the allegation in Paragraph 70.

71. SBIP denies the allegation in Paragraph 71.

72. SBIP denies the allegation in Paragraph 72.

73. SBIP denies the allegation in Paragraph 73.

**SIXTH COUNTERCLAIM: DECLARATORY JUDGEMENT OF INVALIDITY OF THE '638 PATENT**

74. SBIP and SkyBell do not need to respond to Paragraph 74, but to the extent a response is required, it is denied.

75. SBIP and SkyBell denies the allegation in Paragraph 75.

76. SBIP and SkyBell denies the allegation in Paragraph 76.

77. SBIP and SkyBell denies the allegation in Paragraph 77.

**SEVENTH COUNTERCLAIM: DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE '284 PATENT**

78. Paragraph 78 does not require a response and to the extent it does, it is denied.

79. SBIP admits the allegation in Paragraph 79.

80. SBIP admits the allegation in Paragraph 80.

81. SBIP denies the allegation in Paragraph 81.

82. SBIP denies the allegation in Paragraph 82.

83. SBIP denies the allegation in Paragraph 83.

84. SBIP denies the allegation in Paragraph 84.

**EIGHTH COUNTERCLAIM: DECLARATORY JUDGEMENT OF INVALIDITY OF THE '284 PATENT**

85. SBIP and SkyBell do not need to respond to Paragraph 85, but to the extent a response is required, it is denied.

86. SBIP and SkyBell denies the allegation in Paragraph 86.

87. SBIP and SkyBell denies the allegation in Paragraph 87.

88. SBIP and SkyBell denies the allegation in Paragraph 88.

### NINTH COUNTERCLAIM: DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE '030 PATENT

89. Paragraph 89 does not require a response, to the extent a response is required it is denied.

90. SBIP admits the allegation in Paragraph 90.

91. SBIP admits the allegation in Paragraph 91.

92. SBIP denies the allegation in Paragraph 92.

93. SBIP denies the allegation in Paragraph 93.

94. SBIP denies the allegation in Paragraph 94.

95. SBIP denies the allegation in Paragraph 95.

### TENTH COUNTERCLAIM: DECLARATORY JUDGEMENT OF INVALIDITY OF THE '030 PATENT

96. SBIP and SkyBell do not need to respond to Paragraph 96, but to the extent a response is required, it is denied.

97. SBIP and SkyBell denies the allegation in Paragraph 97.

98. SBIP and SkyBell denies the allegation in Paragraph 98.

99. SBIP and SkyBell denies the allegation in Paragraph 99.

### ELEVENTH COUNTERCLAIM: DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE '290 PATENT

100. Paragraph 100 does not require a response, to the extent that it does it is denied.

101. SBIP admits it has all exclusive rights as an exclusive licensee to the '290 patent.

102. SBIP admits the allegation in Paragraph 102.

103. SBIP denies the allegation in Paragraph 103.

104. SBIP denies the allegation in Paragraph 104.

105. SBIP denies the allegation in Paragraph 105.

106. SBIP denies the allegation in Paragraph 106.

### TWELFTH COUNTERCLAIM: DECLARATORY JUDGEMENT OF INVALIDITY OF THE '290 PATENT

107. SBIP and SkyBell do not need to respond to Paragraph 107, but to the extent a response is required, it is denied.

108. SBIP and SkyBell denies the allegation in Paragraph 108.

109. SBIP and SkyBell denies the allegation in Paragraph 109.

110. SBIP and SkyBell denies the allegation in Paragraph 110.

### THIRTEENTH COUNTERCLAIM: DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE '323 PATENT

111. Paragraph 111 does not require a response, to the extent a response is required it is denied.

112. SBIP admits that it is the exclusive licensee of the '323 Patent with all exclusive rights.

113. SBIP admits the allegation in Paragraph 113.

114. SBIP denies the allegation in Paragraph 114.

115. SBIP denies the allegation in Paragraph 115.

116. SBIP denies the allegation in Paragraph 116.

117. SBIP denies the allegation in Paragraph 117.

### FOURTEENTH COUNTERCLAIM: DECLARATORY JUDGEMENT OF INVALIDITY OF THE '323 PATENT

118. SBIP and SkyBell do not need to respond to Paragraph 118, but to the extent a response is required, it is denied.

119. SBIP and SkyBell denies the allegation in Paragraph 119.

120. SBIP and SkyBell denies the allegation in Paragraph 120.

121. SBIP and SkyBell denies the allegation in Paragraph 121.

## FIFTEENTH COUNTERCLAIM: DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE '120 PATENT

122. Paragraph 122 does not require a response, to the extent it does it is denied.

123. SBIP admits the allegation in Paragraph 123.

124. SBIP admits the allegation in Paragraph 124.

125. SBIP denies the allegation in Paragraph 125.

126. SBIP denies the allegation in Paragraph 126.

127. SBIP denies the allegation in Paragraph 127.

128. SBIP denies the allegation in Paragraph 128.

## FOURTEENTH COUNTERCLAIM: DECLARATORY JUDGEMENT OF INVALIDITY OF THE '120 PATENT

129. SBIP and SkyBell do not need to respond to Paragraph 129, but to the extent a response is required, it is denied.

130. SBIP and SkyBell denies the allegation in Paragraph 130.

131. SBIP and SkyBell denies the allegation in Paragraph 131.

132. SBIP and SkyBell denies the allegation in Paragraph 132.

## FIFTHTEENTH COUNTERCLAIM: INEQUITABLE CONDUCT

133. Paragraph 133 does not require a response to the extent a response is required, it is denied.

### Inequitable Conduct Based on Knowingly Filing a False ADS

134. SBIP admits the allegation in Paragraph 134.

135. SBIP denies the allegation in Paragraph 135.

136. SBIP denies the allegation in Paragraph 136.

137. SBIP denies the allegation in Paragraph 137.

138. SBIP denies the allegation in Paragraph 138.

### Inequitable Conduct based on Failure to Disclose Priority Date Disputes

139. Eyetalk365 did file suit against several companies and the '638 Patent was asserted against Zmodo as well as related entities, the rest of the allegations in Paragraph 139 are denied.

140. Zmodo filed a motion seeking invalidity of the patents-in-suit, which was denied. The rest of the allegations in paragraph 140 are denied.

141. SBIP and SkyBell deny Paragraph 141 to the extent "arguments" is undefined.

142. Eyetalk365 LLC did bring suit against SkyBell Technologies and any other allegation in Paragraph 142 are denied.

143. Paragraph 143 does not require a response and therefore it is denied.

144. SBIP and SkyBell can neither admit nor deny this Paragraph as "above contentions" is undefined and ambiguous, therefore it is denied.

145. SBIP and SkyBell deny the allegation in Paragraph 145.

146. SBIP and SkyBell admit the patents are in the same family and claim priority to the same parent patents. The rest of Paragraph 146 is denied.

147. SBIP and SkyBell deny the allegation in Paragraph 147.

### Inequitable Conduct based on False Inventorship

148. SBIP and SkyBell lack sufficient information to admit or deny the allegations in Paragraph 148 and therefor deny the same.

149. SBIP and SkyBell lack sufficient information to admit or deny the allegations in Paragraph 149 and therefor deny the same.

150. SBIP and SkyBell denies the allegations in Paragraph 150.

151. SBIP and SkyBell denies the allegation in Paragraph 151.

152. SBIP and SkyBell denies the allegation in Paragraph 152.

153. SBIP and SkyBell denies the allegation in Paragraph 153.

154. SBIP and SkyBell denies the allegation in Paragraph 154.

### Inequitable Conduct based on Tainting

155. SBIP and SkyBell denies the allegation in Paragraph 155.

### PRAYER FOR RELIEF

A response is not required for the prayer for relief but any relief requested by Counterclaim-Plaintiff should be denied.

### DEMAND FOR JURY TRIAL

SBIP and SkyBell are not subject to venue in this proceeding under any theory, to the extent this case is not dismissed before trial, both request a jury trial.

Dated: July 6, 2021                                            Respectfully submitted,

/s/ *Gary R. Sorden*
Gary R. Sorden
Texas Bar No. 24066124
gsorden@coleschotz.com
Aaron Davidson
Texas Bar No. 24007080
adavidson@coleschotz.com
Niky R. Bagley
Texas Bar No. 24078287
nbagley@coleschotz.com
Timothy J.H. Craddock
Texas Bar No. 24082868
tcraddock@coleschotz.com
Brian L. King
Texas Bar No. 24055776
bking@coleschotz.com
James R. Perkins
Texas Bar No. 24074881
jperkins@coleschotz.com

COLE SCHOTZ, P.C.
901 Main Street, Suite 4120
Dallas, Texas 75202
Tel: (469) 557-9390
Fax: (469) 533-1587

**ATTORNEYS FOR PLAINTIFF**
**SB IP HOLDINGS LLC**

## CERTIFICATE OF SERVICE

I certify that the foregoing document is being served via the Court's CM/ECF system on July 6, 2021 on all counsel of record who consent to electronic service per Local Rule CV-5(a)(3) or, otherwise, as required by local and federal rules.

                                                                */s/ Gary R. Sorden*
                                                                Gary R. Sorden