## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| SB IP HOLDINGS LLC,<br>　　　Plaintiff,<br><br>v.<br><br>VIVINT SMART HOME, INC.<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>Civil Action No. 4:20-cv-00886-ALM<br><br>**JURY TRIAL DEMANDED** |

## VIVINT SMART HOME, INC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

**FOLEY & LARDNER LLP**

David R. Wright (Lead Attorney)
(*Admitted Pro Hac Vice*)
Michael A. Manookin
(*Admitted Pro Hac Vice*)
FOLEY & LARDNER LLP
299 South Main Street, Suite 2000
Salt Lake City, UT 84111
Telephone: (801) 401-8909
Facsimile: (385) 799-7576
dwright@foley.com
mmanookin@foley.com

Michelle Y. Ku (Texas Bar No. 24071452)
J. Michael Thomas (Texas Bar No. 24066812)
FOLEY & LARDNER LLP
2021 McKinney, Suite 1600
Dallas, Texas 75201
Telephone: 214.999.3000
Facsimile: 214.999.4667
mku@foley.com
jmthomas@foley.com

**MT² LAW GROUP**

Andy Tindel (Texas Bar No. 20054500)
MT² Law Group
Mann | Tindel | Thompson
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
atindel@andytindel.com

**ATTORNEYS FOR
VIVINT SMART HOME, INC.**

## TABLE OF CONTENTS

I.      BACKGROUND AND PROCEDURAL POSTURE ........................................................ 1

II.     ARGUMENT AND AUTHORITIES ................................................................................. 4

      A.      SB IP has failed to establishb good cause under the Rule 16 standard.................. 5

            1.      SB IP's Explanation for its Delay is Inadequate........................................ 6

            2.      VSH will be Prejudiced by SB IP's Amendment ....................................... 8

      B.      The Rule 15 factors for granting or denying leave to amend weigh in favor
            of denying SB IP's Motion. ..................................................................................... 9

            1.      SB IP's Motion is Untimely...................................................................... 10

            2.      SB IP's Motion is brought in bad faith. .................................................... 12

III.    CONCLUSION AND REQUEST FOR RELIEF ............................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Copeland v. Alamo Billing Co.*,
    Civil Case No. 4:20-CV-393-SDJ, 2021 WL 3578204 (E.D. Tex. Aug. 13, 2021) .................6

*Crostley v. Lamar County, Tex.*,
    Civil Action No. 5:10-CV-17-DF, 2011 WL 13141051 (E.D. Tex. Oct. 12, 2011)..............5, 9

*Foman v. Davis*,
    371 U.S. 178 (1962)...........................................................................................................4

*Ingalls, Trustee of Estate at Epic Edge, Inc. v. Edgewater Private Equity Fund III, L.P.*,
    Civil Action No. H-05-1392, 2006 WL 8450708 (S.D. Tex. Aug 7, 2006) ..........................12

*Marucci Sports, L.L.C. v. National Collegiate Athletics Assoc.*,
    751 F.3d 368 (5th Cir. 2014) .............................................................................................4

*Mayeaux v. La. Health Serv. and Indem. Co.*,
    376 F.3d 420 (5th Cir. 2004) ...........................................................................................10

*Members Only Dental, PA v. State Farm Lloyds*,
    Civil Action No. 4:19-CV-00437-ALM, 2022 WL 609147 (E.D. Tex. Mar. 1, 2022) .....4, 7, 8

*Mullenix v. Univ. of Tex. at Austin*,
    Civil No. 1-19-CV-1203-LY, 2021 WL 5416996 (W.D. Tex. Nov. 19, 2021)......................10

*Myart v. Glosson*,
    Civil Action No. SA-14-CV-831-XR, 2014 WL 6612008 (S.D. Tex. Nov. 20, 2014) .........8, 9

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*,
    315 F.3d 533 (5th Cir. 2003) .............................................................................................4

*Simmons v. Sabine River Auth. La.*,
    732 F.3d 469 (5th Cir. 2013) .............................................................................................4

*Smith v. EMC Corp.*,
    393 F.3d 590 (5th Cir. 2004) ........................................................................................7, 11

*Whitaker v. City of Houston, Tex.*,
    963 F.2d 831 (5th Cir. 1992) ...........................................................................................11

**Other**

Federal Rule of Civil Procedure 15 ...................................................................................4, 5, 9, 13

Federal Rule of Civil Procedure 16 ........................................................................................ *passim*

One year ago, Plaintiff SB IP Holdings, LLC ("SB IP" or "Plaintiff") asked this Court to dismiss Vivint, Inc. ("Vivint") and its claims from this case. *See* Dkt. 40. The parties subsequently reached an agreement whereby Vivint agreed to transfer its claims against SB IP's parent company—SkyBell Technologies, Inc. ("SkyBell")—to the Central District of California and Vivint would be dismissed from the case. Acting on a joint stipulation, the Court formalized this agreement and dismissed Vivint and SkyBell from this case. Now, realizing it made a strategic miscalculation, SB IP's Motion for Leave to Amend Complaint (Dkt. 109) (the "Motion") seeks to have the Court negate any benefit Vivint and Defendant Vivint Smart Home, Inc. ("VSH") obtained from the joint stipulation by belatedly asking the Court to re-add Vivint to the case. Meanwhile, SB IP continues to enjoy the benefit it obtained from the parties' joint stipulation as SkyBell remains dismissed from the case and Vivint's patent infringement claims are pending in a different forum.

SB IP's request ignores the fact that after Vivint's claims were dismissed from this case, Vivint sought relief against SB IP in another forum, where its claims are presently pending. This Court should deny SB IP's Motion because it is untimely, unfairly prejudicial to VSH, and because Vivint's claims against SB IP with respect to the patents at issue in this case are already pending in the Central District of California.

## I.    BACKGROUND AND PROCEDURAL POSTURE

On May 14, 2021, Vivint joined this action as a third-party plaintiff. In that capacity, Vivint asserted claims against SB IP and SkyBell. Vivint's claims against SB IP related to the same patents (the "SB IP Patents") that form the basis of SB IP's claims against VSH in this case. Vivint's claims against SkyBell related to two patents that Vivint owns (the "Vivint Patents").

SkyBell filed a Motion to Dismiss Vivint's claims wherein both SB IP and SkyBell objected to litigating Vivint's claims against them in this action based on their assertion that the

1

Eastern District of Texas was an improper venue. *See* Dkt. 40. SB IP and SkyBell took this position despite the fact that Vivint's claims involved the exact same patents (the SB IP Patents) upon which SB IP bases its claims against VSH. *Id.* ("Because [Vivint] did not and cannot plead any facts to show venue is proper, [SkyBell and SB IP] must be dismissed from this case.").

When Vivint filed its Sur Reply to SkyBell's Motion to Dismiss, it informed SkyBell, SB IP and this Court that, "[t]he real parties in interest to this lawsuit are SkyBell and Vivint. SB IP and Vivint Smart Home are holding companies while SkyBell and Vivint are companies that conduct commercial activity." Dkt. 49.

Indeed, Vivint warned SB IP that, "if Vivint is not permitted to continue its claims in this Court that it will be forced to file suit in another venue and re-file, not only its claims against SkyBell, but its own affirmative claims against SB IP for declaratory judgment." *Id.* at 5. Despite Vivint's clear warnings, SkyBell and SB IP insisted that all Vivint's claims be severed from this action. Ultimately, SB IP *stipulated* to remove Vivint from this action.

Vivint's claims against SkyBell for infringement of the Vivint Patents were transferred to the Central District of California upon joint stipulation of the parties, and they are now pending before United States District Judge George H. Wu in case number 2:21-cv-09472 GW-GJS. This Court then dismissed, without prejudice, Vivint's remaining claims related to invalidity, unenforceability, and non-infringement of the SB IP Patents. Exactly as Vivint warned, it subsequently filed in the Central District of California an action for declaratory judgment based on the claims dismissed without prejudice from this case. Vivint's claims with respect to the SB IP Patents are now pending before United States District Judge David O. Carter in case number 8:22-cv-33, and have been since January 7, 2022.

Over four months after Vivint filed its declaratory judgment action in the Central District of California, SB IP filed the present Motion to add Vivint back as a party to this case. SB IP's Motion comes nearly one year to the day that Vivint attempted to join this case—an attempt that was swiftly and summarily rebuffed by both SB IP and SkyBell. Now, SB IP seeks to undo that rebuke after an entire year of extensive discovery and motion practice has elapsed, without any reasonable explanation for its change in position or the timing of SB IP's Motion. Indeed, SB IP's Motion comes over ten months after the deadline in the Scheduling Order to add parties and nine months after the deadline for amended pleadings. *See* Dkt. 35.[1] SB IP has realized that it made a strategic miscalculation by seeking to dismiss Vivint from this case and now wants to reverse course.

The Court should deny SB IP's Motion as unduly delayed and unfairly prejudicial to both VSH and Vivint. Moreover, in light of SB IP's previous objection to Vivint's inclusion in this matter as a litigant, and given SB IP's concerted efforts to remove Vivint as a party, SB IP's attempt to add Vivint back as a party at this juncture smacks of bad faith. Vivint and SB IP are now litigating the non-infringement, unenforceability, and invalidity of the SB IP Patents in the Central District of California as a direct consequence of SB IP's stipulation. Instead of asserting its claims against Vivint as compulsory counterclaims in the Central District of California, SB IP waited four months after Vivint filed suit there to move for leave to amend to add Vivint back into this case. Moreover, SB IP realized its own benefit from the stipulation to which it previously agreed in this litigation: its parent company, SkyBell, was dismissed from this action and Vivint's claims against SkyBell were transferred to the Central District of California. Now, SB IP seeks to

---

[1] The Scheduling Order that governs this case has been amended three times since Document 35. However, none of the three subsequent amendments to the Scheduling Order modified the deadlines to add parties or amend pleadings. *See* Dkts. 75, 89, and 102.

undo the portion of its bargain that benefitted Vivint and VSH, by forcing Vivint back into this case, while retaining the benefit to itself. SB IP's gamesmanship should not be rewarded.

## II.    ARGUMENT AND AUTHORITIES

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Members Only Dental, PA v. State Farm Lloyds*, Civil Action No. 4:19-CV-00437-ALM, 2022 WL 609147, at *2 (E.D. Tex. Mar. 1, 2022), (quoting *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013)). Rule 15 permits a party to amend its pleading one time as a matter of course within the time period set forth in Subsections (1)(A) or (1)(B). Fed. R. Civ. P. 15(a). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* at (a)(2). The court is admonished to give leave freely, but only where justice so requires. *Id.* "Leave to amend is in no way automatic." *Marucci Sports, L.L.C. v. National Collegiate Athletics Assoc.*, 751 F.3d 368, 378 (5th Cir. 2014).

Granting or denying a motion for leave to amend is entrusted to the sound discretion of the court. The United States Supreme Court has established several factors the court should consider when weighing a motion for leave to amend, which the Fifth Circuit has endorsed. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013). These factors include, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *Foman*, 371 U.S. at 182; *see also Simmons*, 732 F.3d at 478.

When a party seeks to amend its pleadings after the deadline to do so has passed, Federal Rule of Civil Procedure 16 imposes an additional threshold inquiry for the court's consideration before the court even reaches the Rule 15 factors. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a

4

scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.").

This threshold inquiry requires the court to find that good cause exists to amend the scheduling order to extend the deadline for amendments. *Id*. "The Rule 16(b) good cause standard requires the party seeking relief to show that the deadlines in the scheduling order cannot reasonably be met despite the diligence of the party needing the extension." *Crostley v. Lamar County, Tex.*, Civil Action No. 5:10-CV-17-DF, 2011 WL 13141051, at *3 (E.D. Tex. Oct. 12, 2011) (internal quotations omitted). Courts consider four factors when assessing whether Rule 16's good cause standard has been met: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudices." *Id*. (internal quotations omitted).

Here, SB IP concedes that its Motion is untimely under the Court's Scheduling Order, implicating Rule 16's good cause standard. However, SB IP fails to establish such good cause. Moreover, SB IP's Motion is silent as to the Rule 15 factors, the majority of which weigh in favor of denying SB IP's Motion.

**A.      SB IP has failed to establish good cause under the Rule 16 standard.**

SB IP's Motion does not establish that good cause exists for this Court to modify the Scheduling Order to permit SB IP's amendment nearly a year after the expiration of the deadline to add parties. *See* Dkt. 35 (establishing deadline to add parties as July 6, 2021). SB IP does not proffer an adequate explanation for its failure to timely move for leave to amend. Further, VSH has already expended considerable time and resources defending itself against the allegations asserted in SB IP's Complaint. If SB IP were permitted to, at this late hour, recast those claims as against Vivint instead, VSH would be forced to re-litigate essentially the entirety of a case it has

5

already spent eighteen months defending. If Vivint is added as a defendant to this case, VSH will have to reformulate its strategy in light of the presence of an additional defendant, and reengage in discovery with SB IP to ferret out any change in its position as it relates to VSH in light of Vivint's addition as a party. The prejudice that VSH would suffer if SB IP were permitted its requested amendment dictates that SB IP's Motion should be denied.

        1.    <u>SB IP's Explanation for its Delay is Inadequate</u>

The length of a party's delay in moving for leave to amend beyond the deadline to do so is relevant to the Court's good cause analysis under Rule 16. *Copeland v. Alamo Billing Co.*, Civil Case No. 4:20-CV-393-SDJ, 2021 WL 3578204, at *3 (E.D. Tex. Aug. 13, 2021) ("Relevant to the good cause analysis is the fact that the deadline for [plaintiffs] to file amended pleadings was November 5, 2020—over six months prior to the amendment request."). Here, SB IP waited even longer than the plaintiffs did in *Copeland* to move for leave to amend—i.e., SB IP waited nearly nine months after the deadline to amend and nearly ten months after the deadline to add parties. *See* Dkt. 35 (establishing July 6, 2021 deadline to add parties and August 31, 2021 deadline to amend pleadings). The unreasonable length of SB IP's delay militates against a showing of good cause.

The only justification SB IP proffers for its delay is that it was unaware of the existence of Vivint as the commercial operating entity (as opposed to VSH as the holding company) until December 2021 when counsel for VSH informed counsel for SB IP of such fact. This argument fails for two reasons.

First, Vivint actually informed SB IP of its status as the commercial operating entity in its August 16, 2021 Sur Reply to SkyBell's Motion to Dismiss, where it plainly stated, "[t]he real parties in interest to this lawsuit are SkyBell and Vivint. SB IP and Vivint Smart Home are holding companies while SkyBell and Vivint are companies that conduct commercial activity." Dkt. 49.

6

Moreover, even if the court accepts as true SB IP's assertion as to the December 2021 notification, SB IP offers no explanation as to why it still waited an additional five months therefrom to file its Motion.

Second, the existence of Vivint as the commercial operating entity was readily discoverable to SB IP. *Smith v. EMC Corp*., 393 F.3d 590, 596 (5th Cir. 2004) ("Smith's lack of information does not excuse his delay in recognizing a potential fraud claim. Considering the only claims with sufficient merit to proceed to trial focused entirely on the Compensation Plans, Smith should have explored the documents' validity during discovery.").

"Good cause under Rule 16 requires a demonstration of due diligence." *Members Only Dental, PA*, 2022 WL 609147, at *2. Here, a reasonably diligent pre-suit investigation would have likewise revealed that Vivint, and not VSH, is the party responsible for making, selling, offering to sell, or importing the products about which SB IP complains in its live Complaint. Indeed, public information on Vivint's own website clearly indicates that Vivint engages in commercial activity, not VSH. For example, the vivint.com website's privacy policy makes clear that the user is contracting with Vivint, *not VSH*:[2]

### Privacy Policy

Effective Date: February 17, 2021

At **Vivint, Inc.** ("**Vivint**," "we," "our," and/or "us"), your privacy is very important to us and we take protecting it very seriously. This Privacy Policy is designed to explain how we collect, use, and disclose information about you on our websites ("the **Site**"), including www.vivint.com and www.vivintsky.com, our mobile applications ("the **App**"), and any associated services (collectively, our "Services"). Your use of our Services is also subject to our Terms of Use. By using our Services, you agree to this Privacy Policy and any future amendments and additions.

Similarly, the copyright notice in the footer of each page of the website indicates Vivint, *not VSH*:[3]

Copyright © 2022 Vivint, Inc. All rights reserved.   Terms of Use   Privacy Policy   Legal   Product Recall   Vivint Licenses
If you are a California resident you may request to not sell my personal information.

---

[2] *See* https://www.vivint.com/legal/privacy-policy.
[3] *See, e.g.,* https://www.vivint.com/legal/privacy-policy.

The licenses listed on the website for the company are also in the name of Vivint, *not VSH*:[4]

Licenses    United States    Canada

## USA

### (Vivint, Inc.)

Based on Vivint's express warnings to SB IP, along with the reasonable investigation that SB IP should have conducted, SB IP clearly should have known at the outset of this case—or at least very early on—that Vivint, *not VSH*, was the correct party to name. *Members Only Dental, PA*, 2022 WL 609147, at *3 ("Even if this new evidence substantially strengthens [movant's] case, [movant] does not dispute that it '*could* have asserted the [defenses] it [seeks] to add through amendment from the outset of the litigation.'" (quoting *S&W Enters.*, 315 F.3d at 537 (emphasis in original)).

Yet, SB IP consciously decided, for its own strategic reasons, to only pursue claims in this Court against VSH, and took specific and intentional efforts to force Vivint out of this litigation when VSH and Vivint informed SB IP of its error. SB IP could and should have allowed Vivint to remain a party in this case a year ago when Vivint intervened, but SB IP refused. This Court should not permit SB IP, at this late hour, to avoid the consequences of its strategic error to the detriment of VSH and Vivint.

2.   <u>VSH will be Prejudiced by SB IP's Amendment</u>

In addition to being untimely, SB IP's requested amendment will prejudice both VSH and Vivint. "A court should deny leave to amend if the amendment would cause undue prejudice to the nonmoving party." *Myart v. Glosson*, Civil Action No. SA-14-CV-831-XR, 2014 WL

---

[4] https://www.vivint.com/legal/licenses#content-grid-item-993946.

8

6612008, at *4 (S.D. Tex. Nov. 20, 2014). A proposed amendment is prejudicial when it will require a defendant to reopen discovery and prepare a new defense for new claims not previously before the Court. *Id.*

This litigation has been pending for eighteen months. The parties have already exchanged extensive written discovery, including a combined seventy-two interrogatories and a combined seventy-five requests for admission. The parties have also engaged in extensive motion practice. VSH has litigated this matter as the only defendant, a fact which has impacted its litigation strategy. SB IP's Motion at this late stage merely seeks a second bite at the apple with respect to its claims.

SB IP's requested amendment will also prejudice Vivint, who will be joining this litigation a year and a half after it was initiated, and mere months before trial. SB IP's Motion asserts that Vivint has essentially been litigating this case the whole time because of its relationship with VSH, but this suggestion is neither accurate nor fair to Vivint. Vivint and VSH, while related, are separate and independent entities. Vivint's own right to directly engage in discovery and defend itself against SB IP's allegations should not be so quickly discarded merely because its parent company has been defending itself in this case.

SB IP has failed to show that good cause exists to permit its amendment so late in this case. SB IP offers no reasonable explanation to justify the timing of its Motion, some ten months after the deadline to add parties, and the amendment it seeks will prejudice both VSH and Vivint.

### B.    The Rule 15 factors for granting or denying leave to amend weigh in favor of denying SB IP's Motion.

Even if the Court finds that SB IP's Motion meets the Rule 16 good cause standard, Rule 15 still counsels against granting SB IP's Motion because a majority of the factors the Court should consider when applying Rule 15 weigh against granting SB IP's Motion. *See Crostley*, 2011 WL 13141051, at *3 (denying motion for leave to amend after weighing Rule 15 factors even after

finding good cause under Rule 16 standard). Specifically, the untimely nature of SB IP's Motion, the prejudice that VSH will suffer if the Motion is granted, and SB IP's bad faith in bringing the Motion now dictate that SB IP's Motion should be denied.[5]

     1.    <u>SB IP's Motion is Untimely.</u>

SB IP's Motion comes eighteen months after SB IP first filed suit against VSH, ten months after the deadline to add parties, and nine months after VSH told SB IP that Vivint was the proper party to this case. *See* Dkt. 35 (establishing July 6, 2021 deadline to add parties and August 31, 2021 deadline for amendments); *see also* Dkt. 49 (notifying SB IP of Vivint's status as the commercial operating entity). Undue delay is that which "prejudice[s] the nonmoving party or impose[s] unwarranted burdens on the court." *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). Untimeliness can be determined by reviewing not only the court-ordered deadlines for amendment but also the stage of the litigation at the time the motion is made. *Mayeaux*, 376 F.3d at 427 ("The Plaintiffs' motion was certainly 'untimely' in light of the procedural history and posture of the case.").

Undue delay exists when extensive pretrial litigation on the merits has already taken place. *Mullenix v. Univ. of Tex. at Austin*, Civil No. 1-19-CV-1203-LY, 2021 WL 5416996, at *6 (W.D. Tex. Nov. 19, 2021) ("Plaintiff's lawsuit has been pending for almost two years, discovery is closed, motions for summary judgment by both parties are pending, and a jury trial is scheduled to commence in approximately three months. The Court finds that granting leave to amend at this stage of the case would cause undue delay in its adjudication.").

Here, several critical case deadlines have already passed, and others are imminent. First, the deadline to add parties passed on July 6, 2021. Dkt. 35. The deadline for amendments to

---

[5] VSH incorporates by reference in this section its argument set forth in *supra* Section II.a.2 related to prejudice.

pleadings passed on August 31, 2021. *Id*. The deadline to conduct fact discovery is only a month

away on July 8, 2022. Dkt. 102. If Vivint is added as a defendant at this stage, it will be effectively

denied the opportunity to participate in any fact discovery by virtue of this upcoming deadline.[6]

The dispositive motions deadline is only two months away on August 26, 2022. *Id*. Finally, the

parties' final pretrial conference is already scheduled for October 31, 2022. Dkt. 102.

Moreover, where, as here, the movant is aware of the basis for its amended complaint for

several months before filing a motion for leave to amend, the court does not abuse its discretion in

denying the motion. *Duggins*, 195 F.3d at 834 ("Plaintiff delayed pursuing this claim until after

discovery had passed, the dispositive motion deadline had passed, and a motion for summary

judgment had been filed. There appears to be no justification for the delay, and plaintiff proposes

none.").

As established herein, SB IP at least knew of Vivint's status as the commercial operating

entity by August 2021, when Vivint explicitly told SB IP so in Vivint's briefing attendant to

SkyBell's Motion to Dismiss. Beyond that, as explained herein, if SB IP had endeavored to

conduct a reasonable pre-suit investigation, it would have discovered that Vivint, *not VSH*, was

the correct party before SB IP even filed suit, thereby eliminating the predicament in which SB IP

has now placed VSH, Vivint, and the Court.

"[A]t some point, time delay on the part of a plaintiff can be procedurally fatal." *Smith v.

EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004). *Whitaker v. City of Houston, Tex.*, 963 F.2d 831,

836 (5th Cir. 1992). SB IP's Motion is too little, too late in a case that has already been pending

for a year and a half. The Court should deny SB IP's Motion as untimely given the time that has

---

[6] The parties have jointly sought to extend the discovery deadline until four weeks after the Court rules on SB IP's
Motion. *See* Dkt. No. 117. But even if the Court grants the parties' motion to continue the existing deadlines, Vivint
will only have four weeks to directly engage in fact discovery in this case.

elapsed since this case was filed and in light of extensive pretrial litigation that the parties have already undertaken.

>    2.    <u>SB IP's Motion is brought in bad faith.</u>

SB IP's Motion—brought a year after it *opposed* Vivint's attempts to voluntarily intervene in this case—is brought in bad faith. As detailed in Section I *supra*, SB IP resisted Vivint's participation in this case via a Motion to Dismiss. Even after Vivint notified SB IP that Vivint— and not VSH—was the entity responsible for the commercial activity about which SB IP complains, SB IP stipulated to dismissing Vivint from this case. SB IP also realized a benefit of this stipulation when Vivint agreed to transfer its claims against SB IP's parent, SkyBell, to another forum.

This Court entered the parties' stipulation dismissing Vivint's claims against SB IP without prejudice. Now, SB IP seeks to walk back its position regarding the propriety of Vivint's participation in this case and the Court's order dismissing Vivint and its claims from this case. The Court should decline SB IP's invitation. *See Ingalls, Trustee of Estate at Epic Edge, Inc. v. Edgewater Private Equity Fund III, L.P.*, Civil Action No. H-05-1392, 2006 WL 8450708, at *2 (S.D. Tex. Aug 7, 2006) (denying motion for leave to amend, and granting motion for sanctions, where amended complaint sought to re-litigate claims that the court had previously dismissed with prejudice).

Finally, Vivint already has claims pending against SB IP with respect to the SB IP Patents in the Central District of California. SB IP and SkyBell's procedural maneuvering in this Court resulted in Vivint having to file its claims in the Central District of California after they forced Vivint out of this case. SB IP is obviously aware of the Central District of California litigation, and has been for many months. In the face of this, SB IP still filed the instant Motion to add Vivint

12

as a party, rather than asserting any claims that SB IP may have against Vivint with respect to the SB IP Patents as counterclaims in the Central District of California.

Indeed, SB IP has taken the exact opposite approach and moved to dismiss Vivint's Central District of California declaratory judgment action, despite the fact that SB IP resisted Vivint's assertions of those precise claims in this case. This further demonstrates SB IP's bad faith in bringing the instant Motion.

The Rule 15 factors of untimeliness, unfair prejudice, and bad faith all weigh in VSH's favor and against SB IP. SB IP rejected Vivint's attempt to intervene in this litigation, electing instead to proceed against VSH alone for the past year. Only after Vivint petitioned the Central District of California for relief with respect to the SB IP Patents does SB IP now ask this Court to add Vivint back in as a defendant in this case. SB IP's Motion is brought in bad faith, and would unfairly prejudice VSH and Vivint if granted. Consequently, SB IP's Motion should be denied.

## III.    CONCLUSION AND REQUEST FOR RELIEF

VSH respectfully requests that the Court deny SB IP's Motion for Leave to Amend its Complaint because SB IP has failed to establish that good cause exists for granting its Motion. The Motion is unduly delayed, unfairly prejudicial to both VSH and Vivint, and brought in bad faith. SB IP should not be permitted leave to amend its Complaint at this late hour in litigation that has been pending for a year and a half to add back in a party that SB IP previously moved to dismiss.

Dated: June 10, 2022

/s/ *J. Michael Thomas*
Andy Tindel (Texas Bar No. 20054500)
MT$^2$ Law Group
Mann | Tindel | Thompson
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
atindel@andytindel.com

David R. Wright (Lead Attorney)
(*Admitted Pro Hac Vice*)
Michael A. Manookin
(*Admitted Pro Hac Vice*)
FOLEY & LARDNER LLP
299 South Main Street, Suite 2000
Salt Lake City, UT 84111
Telephone: (801) 401-8909
Facsimile: (385) 799-7576
dwright@foley.com
mmanookin@foley.com

Michelle Y. Ku (Texas Bar No. 24071452)
J. Michael Thomas (Texas Bar No. 24066812)
FOLEY & LARDNER LLP
2021 McKinney, Suite 1600
Dallas, Texas 75201
Telephone: 214.999.3000
Facsimile: 214.999.4667
mku@foley.com
jmthomas@foley.com

*Attorneys for Vivint Smart Home, Inc.*

14

## **CERTIFICATE OF SERVICE**

I, J. Michael Thomas, certify that the foregoing document is being served via the Court's CM/ECF system on all counsel of record who consent to electronic service per Local Rule CV-5(a)(3) or, otherwise, as required by local and federal rules.


Dated: June 10, 2022                                      /s/ *J. Michael Thomas*
                                                                         J. Michael Thomas

15