# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SB IP Holdings LLC, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § Civil Action No. 4:20-CV-00886 <br> § Judge Mazzant <br> VIVINT SMART HOME, INC., § <br> § <br> *Defendant* § <br> § | |

### **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File Amended Complaint (Dkt. #109). Having considered the motion and the relevant pleadings, the Court finds the motion should be **GRANTED.**

### BACKGROUND

This case arises out of a patent dispute between Plaintiff SB IP Holdings LLC ("SB IP") and Defendant Vivint Smart Home, Inc. ("VSH"). SB IP's parent company is "in the business of providing leading video doorbell and wireless security solutions," and SB IP "owns the right to assert and seek damages on a number of patents related to entryway management . . . including inventions related to video doorbell technology" (Dkt. #1 ¶ 4). SB IP alleges VSH has infringed SB IP's patents (Dkt. #1 ¶¶ 9, 27). On November 17, 2020, SB IP first filed the present suit against VSH in this district to enforce its patent rights. In this suit, VSH has "admit[ted] that is subject to the personal jurisdiction of the Court" (Dkt. #34 ¶ 9) and declared that "[v]enue is proper in this district under 28 U.S.C. § 1400(b)" (Dkt. #34 ¶ 10).

VSH joined Vivint, Inc. ("Vivint") as a necessary party to this action. Vivint then asserted counterclaims against SB IP's parent company, SkyBell Technologies, Inc. ("SkyBell"). However,

because SkyBell has no business in the Eastern District of Texas, SkyBell moved to dismiss the counterclaims for improper venue. Days before the Markman hearing, VSH offered to file a joint motion to transfer Vivint's counterclaim to the Central District of California. At that time, SB IP was under the impression that the transfer would only apply to the counterclaims brought in the wrong venue. Accordingly, SB IP agreed to the transfer. On November 18, 2021, SB IP and VSH appeared for the Markman hearing.[1]

Then, thirteen months after the genesis of this litigation, VSH began referring to Vivint as the proper defendant in this matter, insisting that VSH was not responsible for an alleged infringement activity. SB IP asked for clarification and, instead, found itself in a catch-22: VSH claimed it had no documents, as Vivint possessed any relevant information, whereas Vivint claimed that it was not a party to the suit, so it had no obligation to turn over any discovery. The Court held a telephone conference on February 10, 2022 to hear disputes regarding this discovery impasse. On the same day, the Court granted SB IP's Motion to Compel Discovery (Dkt. #95), finding that SB IP should have the ability to test the relationship between the parties and corporate formalities. On February 23, 2022, the parties filed a joint motion to stay in both cases, informing the Court they were nearing a global settlement and needed time to finalize the details. The Court

---

[1] On this date, SB IP filed a related action for patent infringement against VSH, Case No. 4:21-cv-912. On January 18, 2022, VSH filed a motion to dismiss, arguing that it is not subject to the Court's exercise of personal jurisdiction and that venue is improper (Dkt. #6 at p. 6). Additionally, VSH averred in that motion that it is merely a holding company and, as such, "does not carry on any business activities other than holding ownership interests in other entities, [carrying] on absolutely no business in Texas" (Dkt. #6 at pp. 5¬6). VSH also affirmed that, prior to SB IP filing the second suit, SB IP was on notice that VSH was the wrong entity and that Vivint, Inc. should have instead been named defendant (Dkt. #6 at p. 11). On February 1, 2022, SB IP filed a response to VSH's motion to dismiss, requesting jurisdictional discovery (Dkt. #11). On July 12, 2022, the Court granted SB IP's request for jurisdictional discovery (Dkt. #34).

stayed the case—but to no avail. Settlement negotiations fell apart, and on May 13, 2022, SB IP filed the present motion for leave to amend (Dkt. #109).[2]

VSH filed its response on June 10, 2022, insisting that SB IP's motion is untimely, and, in any case, made in bad faith (Dkt. #120). On June 17, 2022, SB IP replied, and on June 24, 2022, VSH filed its sur-reply (Dkt. #130). On July 28, 2022, SB IP filed a notice of supplemental authority, informing the Court that the case pending in the Central District of California had been transferred to this Court (Dkt. #143).

## LEGAL STANDARD

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x 418, 420 (5th Cir. 2013). Rule 15(a) governs a party's request to amend its pleading before a scheduling order's deadline to amend passes. *See id.* Rule 16(b)(4) governs a party's request to amend its pleading after the deadline to amend passes. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 868 (5th Cir. 2010) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines,*

---

[2] On May 20, 2022, SB IP filed its Motion for Leave to Amend Complaint (Dkt. #23) in the second filed action. The Court granted this motion on July 14, 2022, finding it should grant SB IP's leave to amend under Rule 15(a) (Dkt. #35).

*Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b)(4) provides that a scheduling order issued by the Court "may be modified only for good cause and with the judge's consent." *See Agredano v. State Farm Lloyds*, No. 5:15-CV-1067-DAE, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017) (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012)) (stating, "a party seeking leave to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension."). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Only after the movant demonstrates good cause under Rule 16(b)(4) does "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend. *Id.*

## ANALYSIS

Because Plaintiff filed leave to amend after the deadline set forth in the Scheduling Order (Dkt. #22), the Court applies the Fifth Circuit's good cause analysis under Rule 16(b)(4). The Court finds good cause exists.

### I.  The explanation for the failure to timely move for leave to amend

It is difficult to timely add a party when necessary information is withheld until the deadline passes. While VSH contends SB IP has always been on notice that Vivint was the proper defendant in these disputes, the Court is not convinced. There is no evidence that SB IP had such notice. To the contrary, there is ample evidence that, up until December 2021, VSH participated in this litigation as if it were the proper defendant, leaving SB IP under the impression that it had sued the proper party. Because VSH did not change its tune until the deadline to add parties had passed, SB IP's explanation points in favor of a good cause finding.

### II.  The importance of the amendment

The importance of this amendment goes without saying. If Vivint is truly the proper defendant in this case, Vivint must be added as a party. This factor points toward a good cause finding.

### III.  Potential prejudice in allowing the amendment

VSH will face little to no prejudice following this amendment. SB IP does not seek to alter claims or factual allegations regarding the alleged infringement. As SB IP notes, "[a]ccording to the representation of VSH, Vivint[] is the party responsible for all the alleged activity. Thus, all the relevant factual discovery regarding that activity, including documents and witnesses, has [] and will come from Vivint, Inc." (Dkt. #109 at p. 18). Indeed, if VSH's representations are correct, it has little work remaining in this litigation, as Vivint controls the entire operation. Further, the

case involving Vivint and SkyBell has now been transferred from the Central District of California to this Court. This factor also points toward a good cause finding.

## IV.     The availability of a continuance to cure such prejudice

No continuance is necessary in this case. First the Court has an interest in resolving claims efficiently. The Court already stayed this action pending a settlement resolution, which did not materialize. Second, Vivint has already become involved in the lawsuit and discovery since this Court granted SB IP's motion to compel and the Central District of California transferred to this Court the action involving Vivint and SkyBell. Accordingly, This factor also points toward a good cause finding.

## V.     Justice requires leave to amend under Rule 15(a)

Because SB IP has demonstrated good cause under Rule 16(b)(4), the Court considers "the more liberal standard of Rule 15(a)" to SB IP's request for leave to amend. *S&W Enters., L.L.C.*, 315 F.3d at 535. Here, the Court incorporates its analysis in Case No. 4:21-cv-912 (Dkt. #35) and accordingly finds that justice requires leave to amend under Rule 15(a), which "evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d at 286.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Dkt. #109) is **GRANTED.**

The Amended Complaint (Dkt. #110) is deemed filed on the date of May 13, 2022 and will serve as the operative Complaint in this action.

**IT IS SO ORDERED.**

**SIGNED this 11th day of August, 2022.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE