# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SB IP HOLDINGS, LLC, § | |
| § | |
| *Plaintiff,* § | |
| § | Civil Action No. 4:20-CV-00886 |
| v. § | Judge Mazzant |
| § | |
| VIVINT, INC., § | |
| § | |
| *Defendant.* § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff SB IP Holdings LLC's Motion for Partial Summary Judgment on Defendant's Inequitable Conduct Defense (Dkt. #226) and Defendant Vivint, Inc.'s Motion for Summary Judgment on Vivint's Claim of Inequitable Conduct (Dkt. #231). Having considered the motions, the responses and the relevant pleadings, the Court finds that both motions should be **DENIED**.

### BACKGROUND

The factual background underlying Defendant Vivint, Inc.'s ("Vivint") inequitable conduct claim is fully set out in the Court's discovery orders on this topic (Dkt. #185).

On March 17, 2023, Plaintiff SB IP Holdings, LLC ("SB IP") filed a motion for partial summary judgment on Vivint's inequitable conduct claim (Dkt. #226). Vivint filed its response on April 7, 2023 (Dkt. #246). SB IP replied on April 14, 2023 (Dkt. #279) and Vivint filed its sur-reply one week later (Dkt. #291).

In turn, Vivint filed a motion for summary judgment on its inequitable conduct claim on March 20, 2023 (Dkt. #231). SB IP filed its response on April 10, 2023 (Dkt. #273). Vivint replied on April 18, 2023 (Dkt. #286) and SB IP filed its sur-reply on April 25, 2023 (Dkt. #316).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 455–56 (5th Cir. 2005).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there

is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. *See, e.g.*, *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Rather, the Court requires "specific evidence" from the nonmovant to deny a request for summary judgment. *Ragas*, 136 F.3d at 458. The Court must consider all the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Both parties move for summary judgment on Vivint's inequitable conduct counterclaims. Inequitable conduct is an equitable defense to patent infringement. *Am. Calcar, Inc. v. Am. Honda Motor Co.*, 768 F.3d 1185 (Fed. Cir. 2014). This defense is a recognition of the fact that patent applicants and those substantially involved in the preparation or prosecution of a patent application owe a "duty of candor and good faith" to the United States Patent and Trademark Office ("USPTO"). *M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.*, 439 F.3d 1335, 1339 (Fed. Cir. 2006) (quoting 37 C.F.R. § 1.56(a)). Failure to comply with that duty can constitute inequitable conduct when the patent applicant misrepresents or omits material information with the intent to deceive the USPTO. *See, e.g.*, *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed.

3

Cir. 2011) (en banc). The remedy for inequitable conduct is the "atomic bomb" of patent law: a finding of inequitable conduct for any single claim renders the entire patent unenforceable. *Id.* at 1288.

"Inequitable conduct includes affirmative misrepresentation of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive." *Board of Educ. ex rel. Bd. of Trustees of Fla. St. Univ. v. Am. Bioscience, Inc.*, 333 F.3d 1330, 1343 (Fed. Cir. 2003). A challenger asserting inequitable conduct must establish, by clear and convincing evidence, that the patent applicant (1) misrepresented or omitted information material to patentability, and (2) did so with specific intent to mislead or deceive the USTPO. *See, e.g.*, *Belcher Pharms., LLC v. Hospira, Inc.*, 11 F.4th 1345, 1352 (Fed. Cir. 2021).

To establish materiality, a challenger must show that the USPTO "would not have allowed the claim but for the nondisclosure or misrepresentation." *Network Signatures, Inc. v. State Farm Mut. Auto. Ins.* Co., 731 F.3d 1239, 1242 (Fed. Cir. 2013). As for the second element, the applicant's intent to deceive the USPTO must be the single most reasonable inference that can be drawn from the evidence. *Id.* (citing *In re Rosuvastatin Calcium Pat. Litig.*, 703 F.3d 511, 519 (Fed. Cir. 2012)). Because of the inherently fact-intensive nature of both elements, summary judgment on inequitable conduct is "permissible, but uncommon." *Digital Control, Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1317 (Fed. Cir. 2006); *see also Fisher Tooling Co.*, 439 F.3d at 1340 ("Although it is not impermissible to grant summary judgment of inequitable conduct, this court 'urges caution' in making an inequitable conduct determination at the summary judgment stage.").

4

Neither party has persuaded the Court that this is the "rare" case in which Vivint's claim of inequitable conduct can be resolved at the summary judgment stage. *See, e.g.*, *Leviton Mfg. Co. v. Universal Sec. Instruments, Inc.*, 606 F.3d 1353, 1362–63 (Fed. Cir. 2010). Vivint has presented evidence that, according to Vivint, indicates that Ross Helfer misled the USPTO in a series of affidavits in support of SB IP's efforts to revive patent application 14/338,525 (the "'525 Application") (Dkt. #231, Exhibits 31, 34, 37, 39, 40, 50, 59, 60, 76, 78, and 79). Although the Court offers no opinion on the actual falsity of any of the statements at issue at the summary judgment stage, this evidence—at the very least—presents a genuine issue of material fact on inequitable conduct.

Indeed, factual issues regarding the falsity and materiality of the statements at issue, and Helfer's intent, preclude summary judgment here. *See, e.g.*, *Polara Eng'g, Inc. v. Campbell Co.*, No. 8:13-CV-00007, 2015 WL 12914378, at *1 (C.D. Cal. Apr. 27, 2015) (denying accused infringer's motion for summary judgment of inequitable conduct where "facts of materiality or intent are reasonably disputed"). In particular, the issue of deceptive intent raises an issue of credibility that cannot be resolved at the summary judgment stage. *Digital Control, Inc.*, 437 F.3d at 1321; *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (noting that a district court "may not make credibility determinations" in ruling on a motion for summary judgment).

For these reasons, the Court denies both parties' motions for summary judgment on the issue of inequitable conduct.

Case 4:20-cv-00886-ALM   Document 391   Filed 08/30/23   Page 6 of 6 PageID #: 22350

## CONCLUSION

It is therefore **ORDERED** that Plaintiff SB IP Holdings LLC's Motion for Partial Summary Judgment on Defendant's Inequitable Conduct Defense (Dkt. #226) is hereby **DENIED**.

It is further **ORDERED** that Defendant Vivint, Inc.'s Motion for Summary Judgment on Vivint's Claim of Inequitable Conduct (Dkt. #231) is hereby **DENIED**.

**IT IS SO ORDERED**.

SIGNED this 30th day of August, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

6