# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SB IP HOLDINGS LLC, § | |
| § | |
| *Plaintiff,* § | |
| § | Civil Action No. 4:20-CV-00886 |
| v. § | Judge Mazzant |
| § | |
| VIVINT, INC., § | |
| § | |
| *Defendant.* § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Vivint, Inc.'s Motion for Leave to Supplement the Expert Report of Robert L. Stoll (Dkt. #384). Having considered the motion, the response, and the applicable law, the Court finds that the motion should be **GRANTED**.

## BACKGROUND

On April 21, 2023, Defendant Vivint, Inc. ("Vivint") filed its Motions *In Limine* (Dkt. #297) in accordance with the Court's Scheduling Order. The first motion *in limine* asked the Court to "preclude any effort by [Plaintiff SB IP Holdings LLC ("SB IP")] to present a claim of willful infringement or any other unpled claim, or any evidence, testimony, or argument regarding same, to the venire panel or the jury" (Dkt. #297 at p. 6). Vivint claims that "SB IP has not pled willful infringement" and that SB IP improperly added willful infringement as an edit to the Final Joint Pretrial Order (Dkt. #297 at p. 6). Vivint argues that since SB IP never tried to plead willful infringement, Vivint did not have "an opportunity to take relevant discovery or marshal and prepare evidence relevant to a defense" (Dkt. #297 at p. 7).

On May 5, 2023, SB IP opposed Vivint's Motions *In Limine* (Dkt. #356). In its opposition, SB IP cited its Second Amended Complaint (Dkt. #155) to show it adequately pleaded willful infringement (Dkt. #356 at p. 6). Notably, at the end of SB IP's opposition to Vivint's motion *in limine*, SB IP included a footnote stating: "SB IP is not opposed to Vivint supplementing its expert report(s) to address willful infringement if it feels it is necessary. Trial is not until July 10, 2023, at the earliest, so there is plenty of time for Vivint to address this issue, if needed" (Dkt. #356 at p. 6 n. 1).

Vivint claims it relied on this footnote to begin drafting a supplement to its expert report (Dkt. #384 at p. 3). On July 5, 2023, Vivint contacted SB IP to confer regarding leave to supplement the expert report (Dkt. #384 at p. 5). After the parties met and conferred, SB IP informed Vivint it would oppose Vivint's attempt to supplement (Dkt. #384 at p. 5). Vivint then filed this opposed Motion for Leave to Supplement the Expert Report of Robert L. Stoll (Dkt. #384).

## ANALYSIS

First, for purposes of this Motion only, the Court will assume willful infringement is properly before it. But the Court will not formally decide that issue until the pretrial conference.

Both parties recognize that the Court may grant leave to supplement a report after the deadline has passed, if good cause exists (Dkt. #384 at p. 1; Dkt. #385 at p. 7) (citing *Gibson Brands, Inc. v. Armadillo Distrib. Enters., Inc.*, No. 4:19-cv-00358, 2021 WL 928411, at *1 (E.D. Tex. Mar. 11, 2021)). To determine whether good cause exists, the Court considers "(1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Gibson Brands*, 2021 WL 928411, at *1.

## I. The Explanation for the Failure to Submit a Complete Report on Time

The parties contest the explanation for the failure to submit a complete report addressing willful infringement. Vivint claims SB IP neither pleaded willful infringement (Dkt. #384 at p. 2) nor ever put Vivint on notice that it intended to pursue a claim of willful infringement (Dkt. #384 at p. 2, 3). Vivint also explains its late supplementation by citing SB IP's invitation to supplement (Dkt. #384 at p. 3). In response, SB IP rejects Vivint's "invitation to supplement" argument since "stipulations between the parties do not establish good cause" (Dkt. #385 at p. 8 (citing *Rivera v. Cnty. of Willacy*, No. B-06-189, 2007 WL 1655303, at *1 (S.D. Tex. June 6, 2007)). SB IP also contests Vivint's explanation since Vivint did not indicate its intent to supplement its report until two months after SB IP invited the supplementation (Dkt. #385 at p. 4).

While the Court agrees with SB IP that stipulation alone does not provide good cause to supplement an expert report, it recognizes Vivint's reliance on that stipulation. Vivint's reliance on the stipulation and its characterization of the events leading up to the supplementation provide an adequate explanation for Vivint's prior failure to designate and provide willfulness opinions. The Court, therefore, finds this factor supports good cause.

## II. The Importance of the Testimony

The parties also contest the importance of the testimony. Vivint argues that Mr. Stoll's testimony is "highly relevant and important" should SB IP be allowed to pursue willful infringement at trial (Dkt. #384 at p. 4). SB IP responds that the testimony offered is neither relevant nor admissible because it may confuse the jury as to the proper standard for willful infringement (Dkt. #385 at p. 10).

The Court finds that the testimony is important. Vivint should be allowed to present testimony rebutting a willful infringement claim, assuming that claim is properly before the Court. Accordingly, the Court finds this factor supports good cause.

### III.    Potential Prejudice in Allowing the Testimony

The parties disagree as to the extent of potential prejudice. Vivint sees no prejudice, since "[t]he supplementation does not alter Mr. Stoll's expertise, nor his application of that expertise as provided in his initial and first supplemental report" (Dkt. #384 at p. 5). Vivint has also invited SB IP to depose Mr. Stoll regarding the supplementation (Dkt. #384 at p. 5 ("[S]hould SB IP desire to depose Mr. Stoll about the supplementation, it is welcome to do so in accordance with the Federal Rules of Civil Procedure.")).

In response, SB IP notes two forms of prejudice. First, the timing of the supplement would force SB IP to either not present rebuttal evidence or "be forced to scramble to quickly try and hire a rebuttal expert" (Dkt. #385 at p. 11). Second, the supplement would require additional delay so SB IP can further dig into "Vivint's subjective beliefs about its priority-gap invalidity defense," since SB IP claims that fairness requires further discovery into those subjective beliefs (Dkt. #385 at p. 11).

The Court agrees that SB IP should have an opportunity to respond to the supplemental report. The Court will allow SB IP to prepare a rebuttal report to cure the prejudice created by the supplemental report.

4

### IV. The Availability of a Continuance to Cure Such Prejudice

With trial less than one month away, the Court recognizes a continuance is not available to cure any prejudice. The Court, however, believes SB IP's opportunity to prepare a rebuttal report is sufficient to cure the prejudice.

### CONCLUSION

It is therefore **ORDERED** that Defendant Vivint, Inc.'s Motion for Leave to Supplement the Expert Report of Robert L. Stoll (Dkt. #384) is hereby **GRANTED**.

It is also **ORDERED** that SB IP is granted leave to prepare a rebuttal report limited to the subject matter of the supplement. The parties are expected to agree upon a deadline by when SB IP will prepare the rebuttal report. If the parties require intervention by the Court, the parties may reach out for assistance.

**IT IS SO ORDERED**.

SIGNED this 12th day of September, 2023.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE