# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| SB IP HOLDINGS, LLC, § <br> *Plaintiff,* § <br> v. § <br> § <br> VIVINT, INC., § <br> *Defendant.* § <br> § <br> § | Civil Action No. 4:20-cv-00886 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Motion for Partial Summary Judgment on Defendant's Improper Revival Defenses (Dkt. #224) and Defendant Vivint, Inc.'s Motion for Summary Judgment of Priority, Invalidity, Noninfringement, and No Pre-Suit Damages (Dkt. #229). Having considered the motions and the relevant pleadings, the Court finds that Plaintiff's Motion for Partial Summary Judgment on Defendant's Improper Revival Defenses (Dkt. #224) should be **GRANTED** and Defendant's Motion for Summary Judgment of Priority, Invalidity, Noninfringement, and No Pre-Suit Damages (Dkt. #229) should be **DENIED**.

## BACKGROUND

Plaintiff SB IP Holdings, LLC ("SB IP") accuses Defendant Vivint, Inc. ("Vivint") of infringement of the following patents and claims: claims 1, 8, 10, and 16 of U.S. Patent No. 9,485,478 ("the '478 Patent"); claim 1 of the U.S. Patent No. 9,635,323 ("the '323 Patent"); and claims 1, 5, 11, 16, and 17 of U.S. Patent No. 10,674,120 ("the '120 Patent") (collectively, the "Asserted Patents" and the "Asserted Claims") (Dkt. #275 at p. 6).[1]

---

[1] Vivint has brought to the Court's attention that it believes SB IP waived infringement claims of some patents cited in the Complaint because SB IP did not provide expert witness analysis on infringement (Dkt. #229 at p. 21; Dkt. #243 at p. 6). The Court notes that SB IP and Vivint seem to agree on the asserted claims, since SB IP's list of asserted

The parties disagree as to a critical issue of copendency of two applications: application number 14/338,525, filed July 23, 2014 ("the '525 Application") and application number 14/670,044, filed March 26, 2015 ("the '044 Application") (*compare* Dkt. #229 at p. 10 *with* Dkt. #275 at p. 6). The Asserted Patents "claim priority through the '044 Application, which, in turn, relies on the '525 Application for its priority date" (Dkt. #185 at p. 3).

On November 24, 2021, SB IP submitted a petition to revive the '525 Application "for continuity purposes only" (Dkt. #275, Exhibit 7 at p. 2). On May 3, 2022, SB IP submitted a renewed petition to revive the '525 Application since under "[SB IP's] understanding, . . . the [United States Patent and Trademark Office ('USPTO')] d[id] not consider the fourth requirement [for reviving an abandoned application] to be fully satisfied" (Dkt. #275, Exhibit 8 at p. 2). On June 2, 2022, the USPTO granted SB IP's petition (Dkt. #275, Exhibit 2 at p. 2 (indicating date of petition grant); Dkt. #275, Exhibit 2 at pp. 3, 4). The parties disagree as to the effect of the USPTO's revival. SB IP argues that the USPTO's revival conclusively establishes copendency and immunizes the priority chain from judicial review (Dkt. #224 at pp. 3–4). Vivint argues that the Court can still review the operability of the USPTO's revival decision for "purposes of priority under [35 U.S.C.] § 120" (Dkt. #229 at p. 18).

On March 16, 2023, SB IP moved for partial summary judgment on Vivint's improper revival defenses (Dkt. #224). On April 6, 2023, Vivint filed its response (Dkt. #243). On April 13, 2023, SB IP filed its reply (Dkt. #277). On April 20, 2023, Vivint filed its sur-reply (Dkt. #289).

In turn, on March 20, 2023, Vivint moved for summary judgment on the issues of priority, invalidity, noninfringement, and no pre-suit damages (Dkt. #229). On April 10, 2023, SB IP filed

---

claims (Dkt. #275 at p. 6) matches Vivint's list (Dkt. #229 at p. 6 n. 1). If there is an actual dispute, the Court expects the parties to bring it to the Court's attention.

its response (Dkt. #275). On April 18, 2023, Vivint filed its reply (Dkt. #288). On April 25, 2023, SB IP filed its sur-reply (Dkt. #322).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 455–56 (5th Cir. 2005).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall.*

*Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. *See, e.g.*, *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Rather, the Court requires "specific evidence" from the nonmovant to deny a request for summary judgment. *Ragas*, 136 F.3d at 458. The Court must consider all the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

### I. SB IP's Motion on Defendant's Improper Revival Defenses and Vivint's Motions on Priority and Invalidity

#### A. Improper Revival and Priority

SB IP and Vivint brought competing motions for summary judgment on the issues of improper revival and priority.

##### 1. The Parties' Positions

SB IP moved for summary judgment on "Vivint's priority-gap invalidity affirmative defense and counterclaims 16 and 17" for two main reasons: (1) the USPTO's revival decision conclusively establishes copendency between the '525 Application and the '044 Application, resolving the supposed priority gap (Dkt. #224 at p. 2), and (2) the Federal Circuit's precedent in *Aristocrat Techs. Australia PTY Ltd. v. Int'l Game Tech.*, 543 F.3d 657 (Fed. Cir. 2008) precludes

4

raising improper revival as a defense to validity or infringement of a patent (Dkt. #224 at p. 2). SB IP therefore contends it is entitled to summary judgment on what it calls "Vivint's 'improper revival' defenses" (Dkt. #224 at p. 1).

Vivint moved for summary judgment in direct challenge to SB IP's summary judgment claims. According to Vivint, the '525 Application was abandoned on October 7, 2014, thus preventing any subsequent application from claiming an earlier priority date through that application under 35 U.S.C. § 120 (Dkt. #229 at p. 14). Vivint also claims that USPTO's revival of the application does not cure the break in the priority chain (Dkt. #229 at p. 14).

### 2. The Applicability of *Aristocrat*

First, the Court will address whether the Federal Circuit's decision in *Aristocrat* precludes this Court from analyzing the factual inquiry of priority under 35 U.S.C. § 120. The Court finds it does not.

The Federal Circuit in *Aristocrat* held "that 'improper revival' may not be raised as a defense in an action involving the validity or infringement of a patent." *Aristocrat*, 543 F.3d at 661. In *Aristocrat*, the plaintiff-applicant, Aristocrat, failed to pay a filing fee on time, therefore abandoning its application. *Id.* at 659. Aristocrat applied to revive the application under 37 C.F.R. § 1.137(b), which the USPTO granted. *Id.* at 659–60. Aristocrat then resumed prosecution of that application, and after the patent's issuance, sued defendant IGT for infringement. *Id.* at 660. As a defense to that infringement claim, IGT argued that the application was improperly revived. *Id.* The district court found that "IGT was permitted, pursuant to 35 U.S.C. § 282, to raise the PTO's alleged improper revival as a defense to infringement." *Id.*

To determine that "improper revival" did not exist as a defense to infringement, the Federal Circuit analyzed § 282 of the Patent Act and the defenses it provides. Specifically, the Federal Circuit held that "improper revival" neither qualifies as a "condition for patentability" nor falls under § 282's "catch-all" provision. *Id.* at 661–62. "Improper revival" neither falls into the "conditions for patentability" set forth in §§ 101–103, nor is it "'made a defense' by title 35." *Id.*

While the Federal Circuit's decision in *Aristocrat* specifically limits using "improper revival" as a defense to patent infringement, it does not bar the Court from reviewing copendency as statutorily required by § 120. The court in *Avanir Pharms, Inc. v. Actavis S. Atl. LLC* encountered a similar scenario when an issue of copendency in the context of application revival arose. 987 F. Supp. 2d 504, 511 (D. Del. 2013). The court in *Avanir* distinguished from *Aristocrat* by highlighting the specific question of copendency in the case of a USPTO revival:

> The issue before this Court, however, is whether, even if the PTO did treat the '053 and '845 applications as co-pending, did co-pendency actually exist? This inquiry is statutorily demanded in determining the correct priority date; for any patent application claiming priority to an earlier application, co-pendency is required under § 120. *Aristocrat* did not concern co-pending applications, and it did not address § 120. In the Court's view, *Aristocrat* does not prohibit a factual inquiry into the existence of statutorily required co-pendency.

*Avanir*, F. Supp. 2d at 511–12. So *Aristocrat* does not prohibit an underlying factual inquiry in statutorily required copendency to establish a patent's entitlement to an earlier filing date.

### 3. The Existence of Factual Copendency

The Court next determines whether factual copendency existed at the time the '525 Application was abandoned. "Determination of a patent's priority date is purely a question of law

if the facts underlying that determination are undisputed." *Droplets, Inc. v. E*TRADE Bank*, 887 F.3d 1309, 1315 (Fed. Cir. 2018). The following facts are undisputed:

- On July 23, 2014, the applicant filed the '525 Application on July 23, 2014 (Dkt. #229, Exhibit 20 at p. 2).

- On August 4, 2014, the USPTO mailed a "Notice to File Missing Parts of Nonprovisional Application" to the applicant (Dkt. #229, Exhibit 20 at pp. 50–51).

- The "Notice to File Missing Parts of Nonprovisional Application" stated that the applicant was given "**TWO MONTHS** from the date of this Notice within which to file all required items below to avoid abandonment" (Dkt. #229, Exhibit 20 at p. 50).

- On November 23, 2014, the applicant filed a corrected Application Disclosure Statement ("ADS") with the USPTO (Dkt. #229 at p. 19; Dkt. #229, Exhibit 20 at pp. 55-60; Dkt. #275 at p. 11; Dkt. #275, Exhibit 2 at p. 4).

- On February 4, 2015, the USPTO mailed a "Notice of Incomplete Reply (Nonprovisional)" to the applicant (Dkt. #229, Exhibit 20 at pp. 68–69).

- The "Notice of Incomplete Reply (Nonprovisional)" noted the USPTO had "received [the applicant's] reply on 11/23/2014 to the Notice to File Missing Parts (Notice)" (Dkt. #229, Exhibit 20 at p. 68).

- The "Notice of Incomplete Reply (Nonprovisional)" stated that the reply received did not "include the following items required in the Notice," and that the applicant was given "**TWO MONTHS** from the date of the Notice to File Missing Parts

7

(Notice) mailed 08/04/2014 within which to file all required items and pay any fees required below to avoid abandonment" (Dkt. #229, Exhibit 20 at p. 68).

- On March 26, 2015, the applicant filed the '044 Application (Dkt. #185 at p. 2).

- On April 7, 2015, the USPTO mailed a "Notice of Abandonment Under 37 CFR 1.53(f) OR (g)" to the applicant (Dkt. #229, Exhibit 20 at pp. 79–80).

In light of the undisputed facts, the Court finds that the applicant abandoned the '525 Application on October 7, 2014. The Court noted this previously when it denied Non-Party Eyetalk 365's Motion for Protective Order (Dkt. #185 at p. 2 ("Consequently, Eyetalk abandoned the '525 Application on October 7, 2014.")). This finding agrees with the burden patent applicants bear to diligently prosecute their patent applications. Patent applicants are obligated to "comply with [] statutory requirements and [USPTO] regulations," and the USPTO's conduct "cannot excuse the [applicant's] own delay" when prosecuting patent applications. *Hyatt v. Hirshfeld*, 998 F.3d 1347, 1366 (Fed. Cir. 2021).

Because the Court finds the '525 Application was abandoned on October 7, 2014, the Court finds a lapse in copendency occurred between the '525 Application and the filing of the '044 Application.

### 4. The Availability of Judicial Review of the USPTO's Decision to Revive the '525 Application

While the Court finds the '525 Application was abandoned on October 7, 2014, the USPTO revived that application for continuity purposes (Dkt. #275, Exhibit 7 at p. 2). So the Court must now decide if it can review the USPTO's decision to revive the '525 Application or declare the revival inoperable. SB IP contends that "[t]he USPTO's Renewed Petition Decision conclusively establishes copendency between the '525 Application and the '044 Application" and that Vivint

8

cannot challenge that decision "absent proof of inequitable conduct" (Dkt. #224 at pp. 2–3). Vivint counters this, claiming that the Court can deem the revival inoperable since the USPTO exceeded its statutory authority under 35 U.S.C. § 27 (Dkt. #229 at pp. 15–16; Dkt. #243 at pp. 13–15). The Court finds it cannot review the USPTO's decision or deem the revival inoperative apart from a decision on inequitable conduct.

As Vivint properly points out, § 27 provides the framework through which the USPTO is allowed to revive abandoned applications. "The Director may establish procedures . . . to revive an unintentionally abandoned application . . . ." 35 U.S.C. § 27. Section 27 was added by the Patent Law Treaties Implementation Act (PLTIA) of 2012. PLTIA of 2012, Pub. L. No. 112-211, 126 Stat 1527, 1534. Pursuant to § 27, the USPTO has established a procedure for reviving abandoned patent applications for unintentional delay. 37 C.F.R. § 1.137. For a petition to revive to be "grantable," it must contain the following:

> (1) The reply required to the outstanding Office action or notice, unless previously filed;
> (2) The petition fee as set forth in § 1.17(m);
> (3) Any terminal disclaimer (and fee as set forth in § 1.20(d)) required pursuant to paragraph (d) of this section; and
> (4) A statement that the entire delay in filing the required reply from the due date for the reply until the filing of a grantable petition pursuant to this section was unintentional. The Director may require additional information where there is a question whether the delay was unintentional.

*Id.* at § 1.137(b).

Vivint does not contest that SB IP followed this overall procedure; rather, Vivint claims the USPTO erred on the merits in its decision to revive the '525 Application. Vivint repeatedly asserts that since SB IP *intentionally* delayed its petition to revive, SB IP failed to adhere to a statutory requirement, and the USPTO failed to enforce a statutory requirement (Dkt. #229 at pp. 16–17;

Dkt. #243 at p. 15). The USPTO, however, appears to have followed its own procedure in reviving the '525 Application. In its petition decision issued on March 4, 2022, the USPTO requested more information to see if 37 C.F.R. § 1.137(b)(4) was satisfied (Dkt. #275, Exhibit 8 at p. 2 ("[SB IP]'s understanding is that the USPTO does not consider the fourth requirement . . . to be fully satisfied.")). After it received the renewed petition with additional information, the USPTO accepted SB IP's "statement that the entire delay in filing the required reply form [sic] the due date for the reply until the filing of a grantable petition pursuant to 37 C.F.R. § 1.137(a) was unintentional" and granted the petition to revive (Dkt. #275, Exhibit 2 at p. 4).

The crux of Vivint's request for judicial review of the revival rests not on procedure but on substance. Vivint believes that the SB IP's delay was intentional, so Vivint believes that the USPTO made an incorrect choice on the merits (*see* Dkt. #229 at pp. 15–17; Dkt. #243 at p. 13). The USPTO, at its discretion, "relies upon the applicant's duty of candor and good faith" when it requests explanations about the circumstances of a petitioner's delay. MPEP § 711.03(c) (8th ed. Rev. 7, Sept. 2008). By granting the revival petition, the USPTO relied on SB IP's duty of candor and good faith to decide that the entirety of the delay was unintentional. So at this stage, the Court does not have authority to overturn a discretionary decision by the USPTO to revive an abandoned application. *See Exela Pharma Scis., LLC v. Lee*, 781 F.3d 1349, 1350 (Fed. Cir. 2015) ("[USPTO] revival rulings are not subject to third party collateral challenge . . . .").

While Vivint points to *Avanir* and *Superior Fireplace Co. v. Majestic Products Co.*, 270 F.3d 1358 (Fed. Cir. 2001) as examples where courts have judicially reviewed revival decisions, the Court finds those arguments unavailing. The court's analysis of § 255 in *Superior Fireplace* does not implicate the USPTO's substantive discretion. *See generally Superior Fireplace*, 270 F.3d at

10

1369–75. And the court in *Avanir* remarked that in that case, unlike in this case, the USPTO's system automatically granted the petition to revive "without any independent evaluation of the merits of that position by anyone (or even by any computer)." *Avanir*, 987 F. Supp. 2d at 515.

Although the Court cannot review the USPTO's decision at this junction, the decision to grant the revival petition does not render SB IP's representations to the USPTO in its revival petition totally immune from review. It also does not declare SB IP's delay "unintentional" as a matter of law. Vivint may present SB IP's representations and/or underlying circumstances to the Court when the Court is deciding the issue of inequitable conduct. *See In re Rembrandt Techs. LP Pat. Litig.*, 899 F.3d 1254, 1272–73 (Fed. Cir. 2018); *see also* Clarification of the Practice for Requiring Additional Information in Petitions Filed in Patent Applications and Patents Based on Unintentional Delay, 85 Fed. Reg. 12,222 (Mar. 2, 2020) (to be codified at 37 C.F.R. pt. 1) ("[P]roviding an inappropriate statement that the delay was 'unintentional' may have an adverse effect when attempting to enforce the patent."). But as the inequitable conduct issue will be decided after the jury trial, it is not before the Court currently (*see* Dkt. #317 at p. 2).

Accordingly, the Court grants Plaintiff's Motion for Partial Summary Judgment on Defendant's Improper Revival Defenses (Dkt. #224), and the Court dismisses with prejudice (1) Vivint's affirmative defense of invalidity based on the abandonment of the '525 Application[2] (Dkt. #164 at pp. 11–12), (2) Vivint's Sixteenth Counterclaim for Invalidity Based on Lack of Copendency (Dkt. #164 at p. 38), and (3) Vivint's Seventeenth Counterclaim for Invalidity Based on Lack of Copendency (Dkt. #164 at pp. 39–40). Additionally, the Court finds that Vivint's motion for summary judgment on priority (Dkt. #229 at pp. 12–20) should be denied.

---

[2] Because SB IP only moves on Vivint's "priority-gap invalidity affirmative defense" (Dkt. #224 at pp. 1–2), the Court does not address or dismiss any other invalidity affirmative defense.

11

### B. Invalidity for Lack of Enablement

Vivint moved for summary judgment on invalidity for lack of enablement (Dkt. #229 at p. 20). In particular, Vivint claims that while the Asserted Claims "require the capability to view streaming video on a cellphone," the Asserted Patents "do not provide any information about how to improve video and audio streaming in the manner claimed by the patents or how to implement any such improvements" (Dkt. #229 at p. 20). SB IP responded that Vivint "fail[ed] to argue that a person of skill in the art would not understand how to stream video or analyze the *Wand* factors with respect to any alleged undue experimentation" (Dkt. #275 at p. 12).

After a careful review of the record and arguments presented, the Court is not convinced that Vivint met its burden of demonstrating that there is no genuine dispute as to any material fact in its invalidity defense for lack of enablement. Accordingly, the Court finds that Vivint's motion for summary judgment on invalidity for lack of enablement (Dkt. #229 at pp. 20–21) should be denied.

### II. Defendant's Motion on Noninfringement

Vivint moved for summary judgment on noninfringement (Dkt. #229 at pp. 21–27). Vivint claims it does not infringe the following limitations: "'proximity detector' or a 'proximity sensor'" (Dkt. #229 at p. 22), "wireless device" (Dkt. #229 at p. 23), "streaming video" (Dkt. #229 at p. 25), and transmitting "upon detection" of an event (Dkt. #229 at pp. 26–27). SB IP responded with its evidence of why Vivint's products infringe (Dkt. #275 at pp. 13–21).

After a careful review of the record and arguments presented, the Court finds a genuine factual issue exists for trial. Accordingly, the Court finds that Vivint's motion for summary judgment on noninfringement (Dkt. #229 at pp. 21–27) should be denied.

### III.     Defendant's Motion on Induced Infringement

Vivint moved for summary judgment on both pre-suit and post-suit induced infringement (Dkt. #229 at p. 27). "[L]iability for inducement must be predicated on direct infringement." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014). Vivint contends its motion for summary judgement on post-suit induced infringement should be granted because it does not directly infringe the Asserted Patents (Dkt. #229 at p. 27). Because the Court finds that a genuine issue exists on noninfringement, it finds that Vivint's motion for summary judgment on post-suit induced infringement should be denied.

Additionally, SB IP responded to Vivint's motion on pre-suit infringement by clarifying it does not seek relief for pre-suit inducement (Dkt. #275 at p. 22). Accordingly, the Court finds that Vivint's motion for summary judgment on pre-suit induced infringement should be denied as moot.

### IV.     Defendant's Motion on Pre-Suit Damages

Vivint moved for summary judgment on pre-suit damages since it contends SB IP did not comply with its marking requirements under 35 U.S.C. § 287(a) (Dkt. #229 at p. 30). SB IP responded with its evidence of compliance with the marking statute, including its evidence of virtual marking (Dkt. #275 at pp. 22–23).

After a careful review of the record and arguments presented, the Court finds a genuine factual issue exists for trial. Accordingly, the Court finds that Vivint's motion for summary judgment on pre-suit damages (Dkt. #229 at pp. 30–35) should be denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Partial Summary Judgment on Defendant's Improper Revival Defenses (Dkt. #224) is hereby **GRANTED**. It is also **ORDERED** that Defendant Vivint, Inc.'s Motion for Summary Judgment of Priority, Invalidity, Noninfringement, and No Pre-Suit Damages (Dkt. #229) is hereby **DENIED**.

**IT IS SO ORDERED.**
**SIGNED** this 27th day of September, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE