# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SB IP HOLDINGS LLC, §<br>    *Plaintiff,* §<br>v. §<br> §<br>VIVINT, INC., §<br>    *Defendant.* §<br> §<br> § | Civil Action No. 4:20-cv-00886<br>Judge Mazzant |

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Motion *in Limine* No. 15 (Dkt. #308 at p. 18) and Defendant Vivint, Inc.'s Motion *in Limine* No. 1 (Dkt. #297 at pp. 6–8). Having considered the motions and the relevant pleadings, the Court finds that Plaintiff's Motion *in Limine* No. 15 (Dkt. #308 at p. 18) should be **GRANTED in part** and that Defendant Vivint, Inc.'s Motion *in Limine* No. 1 (Dkt. #297 at pp. 6–8) should be **GRANTED in part**.

**I.      Plaintiff's Motion in Limine No. 15**

Plaintiff SB IP Holdings Inc. ("SB IP") seeks to exclude "any argument, evidence, or testimony related to [Defendant Vivint, Inc.'s ("Vivint")] patents that relate to the accused products" (Dkt. #308 at p. 18). SB IP believes Vivint "obtain[ing] a patent relating to the accused products is wholly irrelevant to whether Vivint infringes the patents-in-suit" (Dkt. #308 at p. 18). And SB IP worries that "the jury is likely to be confused and conclude that if Vivint's products are covered by its patents, they cannot infringe the patents-in-suit" (Dkt. #308 at p. 18).

Vivint responds that it is "entitled to demonstrate to the jury that it did not copy, and in fact independently developed its own products and intellectual property" (Dkt. #358 at p. 17). As such, Vivint "should be allowed to present evidence of independent development [including

development of intellectual property, including patents] to rebut allegations that [Vivint] willfully infringed or that [Vivint] copied [SB IP's] technology" (Dkt. #358 at p. 17 (quoting *Retractable Techs. Inc. v. Becton, Dickinson & Co.*, No. 2:07-CV-250, 2009 WL 8725107, at *7–8 (E.D. Tex. Oct. 8, 2009)). Vivint also notes that because "SB IP relies heavily on a cross license between Alarm.com and Vivint to support SB IP's damages case," "a discussion of Vivint's patents in the context of a license SB IP alleges is comparable to the license Vivint would have negotiated . . . is highly relevant" (Dkt. #358 at p. 18).

The Court **GRANTS in part** SB IP's MIL. The Court will not grant "a blanket pretrial ruling precluding evidence or argument regarding [Vivint's] patents for any and all purposes . . . ." *In re Biogen '755 Pat. Litig.*, No. 10-2734 (CCC)(JBC), 2018 WL 3613162, at *7 (D.N.J. July 26, 2018). Vivint may not argue that "it does not infringe because the accused product is purportedly covered by patents that Defendant owns or licenses." *Retractable Techs.*, 2009 WL 8725107, at *7 (citing *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1309 (Fed. Cir. 2001)). Vivint has already indicated that it does not "intent to demonstrate non-infringement by reference to its own patents" (Dkt. #358 at p. 17).

Defendants are allowed, however, to rely on their own patents "to rebut alleged willfulness" and to present them "in relation to damages." *Boston Sci. Corp. v. Cook Med. LLC*, No. 1:17-cv-03448-JRS-MJD, 2023 WL 2411277, at *4 (S.D. Ind. Feb. 2, 2023); *see also Retractable Techs.*, 2009 WL 8725107, at *8 ("Defendants should be allowed to present evidence of independent development to rebut allegations that Defendant willfully infringed or that Defendant copied Plaintiffs' technology."). "Courts routinely admit such evidence for these purposes . . . ." *Boston Sci. Corp.*, 2023 WL 2411277, at *4 (collecting cases). The Federal Circuit has found that

2

juries can properly consider "[w]hether or not [an accused infringer] intentionally copied" a patented invention in a willful infringement determination. *Eko Brands, LLC v. Adrian Rivera Maynez Enters.*, 946 F.3d 1367, 1379 (Fed. Cir. 2020); *AOS Holding Co. v. Bradford White Corp.*, No. 18-412-LPS, 2021 WL 5411103, at *21 (D. Del. Mar. 31, 2021) (citing factors from *Eko Brands*). And patents underlying an allegedly comparable licenses are relevant to the analysis under *Georgia-Pacific*, as "[a]ssessing the comparability of licenses requires a consideration of whether the license at issue involves comparable technology . . . ." *Bio-Rad Lab'ys, Inc. v. 10X Genomics, Inc.*, 967 F.3d 1353, 1372–73 (Fed. Cir. 2020).

The Court **GRANTS in part** SB IP's MIL. Vivint may not make an argument conflating "not copying" with non-infringement, but it may present evidence in relation to damages and to rebut willfulness allegations. Concurrently, the Court "can head off any jury confusion by employing appropriate jury instructions." *In re Biogen*, 2018 WL 3613162, at *7. And the parties can verify the Court includes a jury instruction to this effect when they receive the Court's preliminary instructions.

## II.     Defendant's Motion in Limine No. 1

In its MIL No. 1, "Vivint moves the Court to preclude any effort by SB IP to present a claim of willful infringement or any other unpled claim, or any evidence, testimony, or argument regarding same, to the venire panel or the jury" (Dkt. #297 at p. 6). The parties seem to agree as to all unpleaded claims, but they dispute whether SB IP sufficiently pleaded willful infringement.

Vivint claims SB IP did not plead willful infringement (Dkt. #297 at p. 6 ("SB IP has not pled willful infringement."); Dkt. #297 at p. 7 ("SB IP made no effort to specifically plead a claim

3

of willful infringement . . . .")). Therefore, Vivint asks the Court to exclude testimony on the following:

> (i) that Vivint had knowledge of any of the Asserted Patents before SB IP filed its Complaint on November 17, 2020;
> (ii) that Vivint deliberately or intentionally infringed the Asserted Claims; and
> (iii) that Vivint copied any inventions claimed in, or covered by, the Asserted Patents.

(Dkt. #297 at p. 8).

SB IP responded to the portion of Vivint's MIL No. 1 directed toward willful infringement. In response, SB IP indicates that its complaint properly pleads willful infringement:

> SB IP's live complaint pleads that "Vivint has had knowledge of the" asserted patents "since at least the filing date of the Original complaint" and that 'Vivint has directly infringed and continues to directly infringe both literally and/or under the doctrine of equivalents, the" asserted patents "by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe" at least one claim of the asserted patents "without the authority of SBIP."

(Dkt. #356 at p. 6 (citing Dkt. #155 ¶¶ 114, 122). SB IP also cites to Vivint's alleged concession "that it has been on notice of infringement since at least November 2018" (Dkt. #356 at p. 6).

The Court finds that SB IP sufficiently pleaded a claim of post-filing willful infringement. "[A]n allegation that a defendant continues its allegedly infringing conduct even after receiving notice of a complaint is sufficient to at least state a claim for willful infringement." *BillJCo, LLC v. Cisco Sys., Inc.*, No. 2:21-CV-00181-JRG, 2021 WL 6618529, at *8 (E.D. Tex. Nov. 30, 2021). SB IP has alleged knowledge of the Asserted Patents[1] (Dkt. #155 ¶¶ 52, 79, 122) and of their continued infringement (Dkt. #155 ¶¶ 44, 71, 114). Accordingly, SB IP may pursue its claim of post-suit willful infringement. But SB IP may not introduce evidence of Vivint's pre-suit conduct

---

[1] U.S. Patent No. 9,485,478; U.S. Patent No. 9,635,323; U.S. Patent No. 10,674,120.

as evidence of its post-filing willful infringement, as pre-suit willful infringement is not before the Court. So SB IP may not introduce evidence "that Vivint had knowledge of any of the Asserted Patents before SB IP filed its Complaint on November 17, 2020" (Dkt. #297 at p. 8).

The Court reviewed *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964 (Fed. Cir. 2021) after Vivint brought the case to the Court's attention. At this stage, the Court finds *Baxalta* unavailing. *Baxalta* concerned the sufficiency of evidence for a finding of willful infringement. 989 F.3d at 988. The Federal Circuit concluded in *Baxalta* that plaintiffs must produce evidence to "establish[] that [the defendant's] 'conduct rose to the level of wanton, malicious, and bad-faith behavior required for willful infringement.'" *Id.* That articulates SB IP's burden at trial, not at the pleading stage. By allowing SB IP to proceed with its claim of willful infringement, the Court recognizes that SB IP adequately stated a claim in its complaint.

During the hearing before the Court, Vivint requested that if the Court found willfulness to be in the case, that Vivint be allowed to rebut the evidence based on the totality of the circumstances (Dkt. #437, Minute Entry). In particular, Vivint wished to be able to introduce evidence that it asserted an invalidity defense due to a broken priority chain early on in litigation (Dkt. #437, Minute Entry). This, Vivint believed, provided evidence of its good-faith belief that the Asserted Patents were invalid (Dkt. #437, Minute Entry). In response, SB IP claimed that Vivint had provided no evidence that Vivint employees themselves knew of the invalidity defense (Dkt. #437, Minute Entry). And SB IP characterizes Vivint's invalidity defense as a litigation-made defense, which it asserts is no longer allowed after *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93 (2016) (Dkt. #437, Minute Entry).

As to the timing of Vivint's assertion of invalidity, the Court finds that the priority gap invalidity defense does not constitute a "litigation-based" defense as contemplated by *Halo* and its progeny. The main thrust of *Halo* was to allow courts to punish "someone who plunders a patent—infringing it without any reason to suppose his conduct is arguably defensible . . . ." *Halo*, 579 U.S. at 105. And while the Federal Circuit refuted the availability of "litigation-inspired defenses" as defenses to willful infringement, that case involved pre-suit willful infringement and litigation-inspired defenses created "years after [the defendant] began engaging in culpable conduct." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1340 (Fed. Cir. 2016). In *WBIP*, the defendant admitted to years of being engaged of culpable conduct and to having pre-suit knowledge of the patents in suit. *Id.* at 1340–41. That is not the case here. SB IP filed its initial complaint on November 17, 2020 (Dkt. #1). It issued its summons to Vivint Smart Home, Inc. on December 21, 2020 (Dkt. #4). Summons was returned on December 22, 2020 (Dkt. #5). Vivint filed its Motion to Dismiss based on its priority gap invalidity defense on February 25, 2021 (Dkt. #15).

After careful review, the Court finds that Vivint may introduce evidence of it early assertion of an invalidity defense in this case, but it may not use its early assertion of invalidity as evidence of Vivint's subjective good faith belief in that defense. Vivint also may not bring in evidence of its use of the defense in other proceedings.

Therefore, Defendant's MIL is **GRANTED in part.** SB IP may not bring in evidence of pre-suit willful infringement or any pre-suit conduct to support its claim for post-suit willful infringement. SB IP also may not bring in evidence to support any other unpleaded claim. Vivint may bring in evidence of its early assertion of the priority gap invalidity defense, but it may not use

6

it to demonstrate Vivint's subjective good faith belief in that defense. The Court will include an instruction to clarify this to the jury.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion *in Limine* No. 15 (Dkt. #308 at p. 18) is hereby **GRANTED in part** and that Defendant Vivint, Inc.'s Motion *in Limine* No. 1 (Dkt. #297 at pp. 6–8) is hereby **GRANTED in part**.

**IT IS SO ORDERED.**

**SIGNED this the 13th day of October, 2023.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE