# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SB IP HOLDINGS LLC, | § | |
|     *Plaintiff,* | § | |
| v. | § | Civil Action No.  4:20-cv-00886 |
| | § | Judge Mazzant |
| VIVINT, INC., | § | |
|     *Defendant.* | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff SB IP Holdings LLC's Motion for Enhanced Damages and Pre-Judgment Interest and Costs (Dkt. #521). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED in part and DENIED in part**.

## BACKGROUND

From October 16, 2023, to October 23, 2023, the Court held a jury trial for patent infringement. On October 23, 2023, the jury returned a verdict, finding for Plaintiff SB IP Holdings LLC ("SB IP") on all questions (Dkt. #494). The jury found that defendant Vivint, Inc. ("Vivint") willfully infringed U.S. Patent Numbers 9,485,478 and 10,674,120 (the "Asserted Patents").

On November 22, 2023, SB IP filed this motion for enhanced damages and pre-judgment interests and costs (Dkt. #521). On December 7, 2023, Vivint responded (Dkt. #548). On December 15, 2023, SB IP replied (Dkt. #552). On December 22, 2023, Vivint filed its sur-reply (Dkt. #556).

## LEGAL STANDARD

### I.   Enhanced Damages

Under 35 U.S.C. § 284, "the [C]ourt may increase the damages up to three times the amount found or assessed." *Polara Eng'g, Inc. v. Campbell Co.*, 894 F.3d 1339, 1353 (Fed. Cir. 2018). The Supreme Court describes such damages "as providing that punitive or increased damages could be recovered in a case of willful or bad-faith infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 100 (2016). Such enhanced damages "are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior"; instead, they are reserved for "[t]he sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.* at 103–04.

The Court, when assessing whether to award enhanced damages, considers the factors laid out in *The Read Corporation v. Portec, Inc.*:

> The Read factors provide guidance in determining whether and in what amount damages should be enhanced. These factors include: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) the infringer's size and financial condition; (5) the closeness of the case; (6) the duration of the infringer's misconduct; (7) any remedial action taken by the infringer; (8) the infringer's motivation for harm; and (9) whether the infringer attempted to conceal its misconduct.

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*, No. 4:14-CV-371, 2017 WL 4038884, at *3 (E.D. Tex. Sept. 13, 2017) (citing *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992), *abrogated in part on other grounds by Markman v. Westview Intr. Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc)). Even in consideration of the factors, the Court still maintains its

discretion in awarding enhanced damages. *See Halo*, 579 U.S. at 104 ("District courts enjoy discretion in deciding whether to award enhanced damages, and in what amount.").

## II.     Pre-Judgment Interests and Costs

The Supreme Court has held that "prejudgment interest 'should be ordinarily awarded' unless there is some justification for withholding such an award." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654 (1983). The *Devex* court explained:

> In the typical case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement. An award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the foregone use of the money between the time of infringement and the date of the judgment.

*Id.* at 655–56; *see also Bio-Rad Lab'ys, Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 967 (Fed. Cir. 1986) (acknowledging the award of prejudgment interest should be from the date of infringement to the date of final judgment, "since only such award will satisfy 'Congress' overriding purpose [in section 284] of affording patent owners complete compensation'" (quoting *Devex*, 461 U.S. at 655)). The *Devex* court did not delineate circumstances where it may be appropriate to withhold or deny prejudgment interest, but it noted that one such circumstance could be "where the patent owner has been responsible for undue delay in prosecuting the lawsuit." *Devex*, 461 U.S. at 657.

"The rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court." *Bio-Rio Lab'ys*, 807 F.2d at 969. However, when exercising that discretion, the Court recognizes the purpose of prejudgment interest, which is to compensate the patent owner for infringement. Prejudgment

interest applies to actual damages and not punitive or enhanced damages. *Beatrice Foods Co. v. New Eng. Printing & Lithographing Co.*, 923 F.2d 1576, 1580 (Fed. Cir. 1991).

## ANALYSIS

### I. Enhanced Damages under § 284

The Court has considered the *Read* factors and finds that they do not support an award of enhanced damages.

This was a hard-fought case, with good-faith arguments presented by both sides. The Court finds that the conduct of both sides during this litigation certainly has demonstrated zealous (and sometimes heated) advocacy, but the advocacy did not reach such an egregious level to warrant enhanced damages. *See Wapp Tech Ltd. P'ship v. Seattle SpinCo, Inc.*, No. 4:18-cv-469, 2021 WL 1574714, at *3–4 (E.D. Tex. Apr. 22, 2021). Accordingly, the Court denies SB IP's request for enhanced damages.

### II. Interests and Costs

#### A. Pre-Judgment Interests

After consideration, the Court finds that SB IP is entitled to prejudgment interest. The Court does not find that SB IP unduly delayed bringing the instant lawsuit. However, "'prejudgment interest can only be applied to the primary or actual damage portion . . .' of a damage award." *Beatrice Foods*, 923 F.2d at 1576. Accordingly, the Court will only award interest accruing from the first date of the lawsuit's damages period: November 17, 2020.

As far as the method of calculating the prejudgment interest, "the 'standard practice' in the Eastern District of Texas is to award prejudgment interest at the prime rate, compounded quarterly." *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL

2190055, at *8 (E.D. Tex. May 18, 2017) (Bryson, J., sitting by designation) (collecting cases). The Court exercises its discretion and finds that award of prejudgment interest, calculated at the prime rate, compounded quarterly, from November 17, 2020 to the entry date of the Final Judgment.

### B.      Post-Judgment Interest

The parties both agree that post-judgment interest should be awarded at the statutory rate in 28 U.S.C. § 1961(a). "Postjudgment interest is calculated on all elements of the money judgment, including a district court's award of prejudgment interest . . . ." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011-RSP, 2018 WL 2149736, at *14 (E.D. Tex. May 10, 2018), *vacated on other grounds*, 955 F.3d 1317 (Fed. Cir. 2020). Postjudgment interest will accrue on the entire money judgment, including prejudgment interest, from the date judgment is entered until payment.

The Court will not decide any award of costs at this time.

### CONCLUSION

It is therefore **ORDERED** that Plaintiff SB IP Holdings LLC's Motion for Enhanced Damages and Pre-Judgment Interest and Costs (Dkt. #521) is hereby **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED.**

SIGNED this 26th day of August, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE